**Larry Ray CHAPMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00175–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1997.

Lauren A. Detamore, Houston, for Appellant.

John B. Holmes, Ernest Davila, Houston, for Appellee.

Before O'CONNOR, HEDGES and DUGGAN,* JJ.

## OPINION ON MOTION FOR REHEARING ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

DUGGAN, Justice (Retired).

Appellant has filed a motion for rehearing in this case. We deny the motion, but with-

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

draw our previous opinion and issue this one in its stead to address some of appellant's rehearing arguments.

A jury found appellant, Larry Ray Chapman, guilty of unauthorized use of a motor vehicle, found two felony enhancement paragraphs of the indictment true, and assessed appellant's punishment at 60–years confinement. This Court affirmed the trial court's judgment in *Chapman v. State*, 859 S.W.2d 509 (Tex.App.—Houston [1st Dist.] 1993). The Court of Criminal Appeals granted discretionary review and remanded for us to address whether appellant was entitled to an article 38.23 instruction in the jury charge. *Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim.App.1996); *See* Tex.Code Crim.P.Ann. art. 38.23 (Vernon Supp.1998). We affirm.

## Procedural History

On appeal, appellant complained the trial court erred in denying his request for an article 38.23 instruction in the jury charge. *Chapman*, 859 S.W.2d at 513. The majority held appellant did not preserve his complaint for appellate review. *Chapman*, 859 S.W.2d at 513. Justice O'Connor dissented, holding that appellant preserved error. *Chapman*, 859 S.W.2d at 517–18 (O'Connor, J., dissenting). The Court of Criminal Appeals held appellant preserved error, if any, and reversed and remanded the case to this Court. *Chapman*, 921 S.W.2d at 695.

## Facts

After dark, on November 1, 1991, Houston Department Police officers stopped a black Oldsmobile because, as they testified, they noticed it did not have a visible rear license plate. The car had not been reported stolen. Officer McCorby testified that after he approached the car, he shined his flashlight inside and saw that the car's rear vent window was broken out, the steering column was broken, and a screwdriver lay on the front seat. Only after he saw this did he then see a rear license plate lying on the back dash of the back windshield, not visible from the rear of the car. Appellant testified the license plate was propped up against a tissue box and was in plain view through the rear window, such that the officers should have been able to see the plate. On cross-examination, the State asked, "And there wasn't a license plate on the back bumper was there?" Appellant answered, "No it wasn't. It was in the back windshield held up by a Kleenex box."

In appellant's sole point of error on remand, he contends the trial court erred in not including in the charge an article 38.23 [1] instruction because of disputed testimony between police officers and appellant as to whether the rear license plate on his motor vehicle was visible from the rear of the car or not.

We disagree with appellant's analysis. The legality of the initial stop did not turn on whether the rear license plate was *visible*, but on whether it was *attached* to the vehicle. A statute in effect at the time of appellant's arrest required all passenger vehicles, other than those operated by dealers, to display two license number plates, one at the front and one at the rear. Act of June 16, 1991, 72nd Leg., R.S., ch. 765, 1991 Tex.Gen.Laws 2716, 2717, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen.Laws 1025, 1870. The display of all temporary tags issued by dealers, including those issued for the dealer's personal vehicles and those issued to buyers, was governed by art. 6686(13) of the Texas Revised Civil Statutes and the regulations promulgated under that statute. Act of March 21, 1963, 58th Leg., R.S., ch. 30, 1963 Tex.Gen. Laws 45, 48, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen.Laws 1025, 1870. Those regulations permitted temporary dealer cardboard tags to be displayed in the rear window:

Temporary cardboard tags may be displayed either in the rear window or on the rear license plate holder of unregistered

---

1. Article 38.23(a) states in relevant part:
   In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then an in such event, the jury shall disregard any such evidence so obtained.
   Tex.Code Crim.P.Ann. art. 38.23(a) (Vernon Supp.1998).

vehicles. When displayed in the rear window, the tag *shall be attached* in such a manner that it is clearly visible and legible when viewed from the rear of the vehicle.

43 TEX.ADMIN.CODE § 17.68(b) (West Supp. 1993–94) (emphasis added). *See Green v. State,* 866 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1993, no pet.). No statute or regulation permitted *permanent metal license plates,* as opposed to temporary cardboard "dealers" tags, to be displayed in a vehicle's rear window. We conclude that the display of a license plate in the rear window is limited to temporary dealer tags and plates. Assuming the license plate was visible in the rear window, the officers could not tell whether appellant was a dealer. Therefore, they had a legal reason to stop appellant's car. *See Green,* 866 S.W.2d at 704.

Even if the license plate was propped against a tissue box on the back dash such that it was visible, as appellant contends, the license plate was displayed illegally. It was not "attached" as required by 43 TEX.ADMIN.CODE § 17.68(b). Therefore, as a matter of law, the evidence did not raise a fact issue about the legality of the stop. The trial court properly refused appellant's request for the article 38.23 instruction. *See* TEX. CODE CRIM.P.ANN. art. 38.23.

We overrule appellant's sole point of error and affirm the judgment.