**Affirmed and Opinion filed May 19, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00856-CR

### SAMANTHA A. PABST, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 1876577**

# O P I N I O N

At issue in this appeal is the propriety of a traffic stop based on the vehicle's temporary tag being illegible from a distance of four-to-five feet. After determining the police officer reasonably suspected the driver of the vehicle had committed a violation, the trial court denied appellant's motion to suppress evidence stemming from the traffic stop. We affirm.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellant Samantha A. Pabst was driving a vehicle with a temporary tag. Officer Tida Liu found the tag illegible and initiated a traffic stop. As a result of evidence obtained after the traffic stop, appellant was charged by information with the class A misdemeanor offense of driving while intoxicated. Appellant filed a motion to suppress any evidence collected or statements made after the traffic stop. The trial court denied appellant's motion to suppress. Appellant pled "guilty" to the offense, while reserving her right to appeal the trial court's ruling on her motion to suppress. The trial court rendered a judgment convicting appellant of the charged offense and sentenced her to one year's confinement, probated over the course of one year, and assessed a $300 fine.

## II.    ANALYSIS

In two issues, appellant asserts the trial court erred in denying her motion to suppress.

## A. Did the traffic stop violate appellant's Fourth Amendment rights?

Appellant argues the traffic stop violated her rights under the Fourth Amendment to the United States Constitution because Officer Liu did not reasonably believe appellant had committed a traffic violation. We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89.

We afford the same amount of deference to the trial court's application of the law to facts if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id*. We review de novo the trial court's application of the law to facts if resolution of those ultimate questions does not turn on an evaluation of credibility and demeanor. *Id*.

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. A traffic stop is a seizure under the Fourth Amendment. *Davis v. State*, 947 S.W.2d 240, 242–45 (Tex. Crim. App. 1997). In a hearing on a motion to suppress for violation of Fourth Amendment rights, a defendant must offer evidence that rebuts the presumption of proper police conduct, such as by alleging that the search or seizure was executed without a warrant. *See Delafuente v. State*, 414 S.W.3d 173, 176 (Tex. Crim. App. 2013). Once the defendant has made the threshold showing, the burden shifts to the State to prove either the existence of a warrant or that the search or seizure was reasonable. *See id*. In this case, it is undisputed that the officer did not have a warrant to stop the vehicle, so the State was required to show the stop was reasonable. *See id*.

A police officer lawfully conducts a temporary detention when the officer has reasonable suspicion that an individual is involved in criminal activity. *See id*. at 177. Reasonable suspicion requires more than a hunch; it exists only when an officer has specific, articulable facts that, taken together with reasonable inferences from those facts, would lead the officer to reasonably conclude that the person detained is, has been, or soon will be, engaging in criminal activity. *See id*. The reasonable-suspicion determination is an objective one made by considering the totality of the circumstances. *See id*. The State need not show that appellant actually committed a traffic offense, but only that the officer reasonably suspected that appellant was committing an offense. *See Madden v. State*, 242 S.W.3d 504,

3

508 n.7 (Tex. Crim. App. 2007).

Texas Transportation Code section 503.069, entitled "Display of License Plates and Tags," provides that "[a] license plate, other than an in-transit license plate, or a temporary tag issued under this chapter shall be displayed in accordance with commission rules." Tex. Transp. Code Ann. § 503.069 (West, Westlaw through 2013 3d C.S.). Texas Transportation Code Section 503.001 provides, in relevant part, that in this chapter, "commission" means the board of the Texas Department of Motor Vehicles. Tex. Transp. Code Ann. § 503.001(2) (West, Westlaw through 2013 3d C.S.). Chapter 215 of the Texas Administrative Code is promulgated by the Department of Motor Vehicles pursuant to its authority under several Texas statutes, including Chapter 503 of the Texas Transportation Code. *See* 43 Tex. Admin. Code § 215.1 (West, Westlaw through 40 Tex. Reg. No. 2336, Apr. 24, 2015).

Texas Administrative Code Section 215.151, entitled "Temporary Tags, General Use Requirements, and Prohibitions" requires that "[a]ll temporary tags shall be displayed in the rear license plate display area of the vehicle." 43 Tex. Admin. Code § 215.151 (West, Westlaw through 40 Tex. Reg. No. 2336, Apr. 24, 2015). The tag must be secured to the vehicle so that the entire tag is "visible and legible." *Id.* Texas Administrative Code section 215.153, entitled "Specifications for All Temporary Tags," requires information printed on temporary tags to be in blank ink on a white background. *See* 43 Tex. Admin. Code § 215.153 (West, Westlaw through 40 Tex. Reg. No. 2336, Apr. 24, 2015). An illegible temporary tag gives rise to the reasonable suspicion that the driver of the vehicle is displaying a tag that does not comply with commission rules in violation of Texas Transportation Code section 503.069. *See Green v. State*, 866 S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *Kennedy v. State*, 847 S.W.2d 635,

636 (Tex. App.—Tyler 1993, no pet.).

Officer Liu testified that she was driving her vehicle four or five feet behind appellant's vehicle and that she could not read the temporary tag on appellant's vehicle. The tag was printed in faded gray ink; Officer Liu could see only two of the seven digits of the temporary tag through the plastic cover. Because she could not read the temporary tag, she initiated a traffic stop. Appellant asserts that Officer Liu did not have reasonable suspicion to conduct the traffic stop, even though Officer Liu could not read her temporary tag from a distance of four-to-five feet away, because the temporary tag was legible when a person was closer to the vehicle and because the Administrative Code does not impose a specific distance at which the tag must be legible. Appellant also asserts that the Administrative Code imposes a duty on a dealer to properly display a temporary tag, but it does not impose a clear duty on her, as the recipient of the temporary tag, to display the tag in accordance with the Texas Administrative Code. Accordingly, appellant asserts Officer Liu did not have reasonable suspicion to stop appellant's vehicle.

Even if the Administrative Code does not impose a requirement that a temporary tag be legible from a particular distance, because appellant's temporary tag was illegible at a distance of four-to-five feet, Officer Liu reasonably could have suspected that the tag was not legible at any distance. Therefore, we need not determine whether or not the Administrative Code requires appellant's temporary tag to be legible at any particular distance. *See Madden*, 242 S.W.3d at 508 n.7.

Texas Transportation Code section 503.063(c)(2), entitled, "Buyer's Temporary Tags," provides that the dealer shall issue a temporary tag to individuals who buy vehicles. Tex. Transp. Code Ann. § 503.063(c)(2) (West, Westlaw through 2013 3d C.S.). The dealer "(1) must show in ink on the buyer's tag the actual date of sale and any other required information; and (2) is

5

responsible for displaying the tag." *Id.* Although Section 503.063(c)(2) states that the dealer is responsible for distributing and displaying a buyer's temporary tag, this provision does not state that the dealer is exclusively responsible for displaying the tag. *See id*.

Even if the dealer has an obligation to display the tag on the vehicle, this obligation does not preclude appellant from also being responsible for the continued display of the temporary tag. Texas Transportation Code Section 503.069 states that the tag "shall be displayed" in accordance with the commission rules. *See* Tex. Transp. Code Ann. § 503.069. This provision applies to a temporary tag the entire time it is present on a vehicle in lieu of a license plate. *See Chapman v. State*, 961 S.W.2d 586, 587–88 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *Green*, 866 S.W.2d at 703. Because the requirement that a tag be displayed in accordance with commission rules does not end once a vehicle leaves the dealership, the driver is also responsible for ensuring that the vehicle's temporary tag complies with these rules. *See* Tex. Transp. Code Ann. § 503.069. The First Court of Appeals has interpreted similar provisions stating that a temporary tag "shall be displayed" a certain way as requiring the driver to be responsible for the proper display of the temporary tag. *See Chapman*, 961 S.W.2d at 587–88; *Green*, 866 S.W.2d at 703. Thus, Transportation Code section 503.069 requires a driver to display the temporary tag on the vehicle in accordance with commission rules. *See* Tex. Transp. Code Ann. § 503.069; *Chapman*, 961 S.W.2d at 587–88; *Green*, 866 S.W.2d at 703.

Officer Liu testified that she noticed appellant's temporary tag was illegible and therefore reasonably suspected that the temporary tag did not comply with Texas Administrative Code Section 215.151. We conclude the trial court did not err in determining that Officer Liu had reasonable suspicion that appellant was

involved in criminal activity. *See Kennedy,* 847 S.W.2d at 636; *Green,* 866 S.W.2d at 703. We overrule appellant's first issue.

**B. Did appellant preserve error on her argument that the traffic stop lasted too long?**

In her second issue, appellant argues that Officer Liu's stop of appellant's vehicle violated the Fourth Amendment because Officer Liu detained appellant after the officer's suspicions that the temporary tag was illegible were extinguished. The State argues that appellant did not preserve this complaint for appellate review. Appellant argues that even though she did not raise this ground in her motion or argue this ground orally at the hearing on the motion to suppress, she has nonetheless preserved error because the ground was apparent from her cross-examination of Officer Liu.

To preserve an issue for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex. R. App. P. 33.1(a). The appellate complaint must comport with the specific complaint that appellant timely lodged in the trial court. *See Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Even constitutional errors may be waived by failure to timely complain in the trial court. *See Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). A complaint in which a party states one legal theory may not be used to support a different legal theory on appeal. *See id.*

It violates "ordinary notions of procedural default" for an appellate court to reverse a trial court's decision on a legal theory not timely presented to the trial court by the complaining party. *See Hailey v. State,* 87 S.W.3d 118, 122 (Tex. Crim. App. 2002). The complaining party must have clearly conveyed to the trial court the particular complaint raised on appeal, including the precise and proper

application of law as well as the underlying rationale. *See Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). A trial court's decision will not be revised on a theory upon which the non-appealing party did not have an opportunity to develop a complete factual record. *See id.*

Appellant did not preserve error as to her complaint that Officer Liu detained her after the officer's suspicions had dissipated. Appellant argues that she preserved error because she developed testimony addressing the issue of whether appellant was free to leave after Officer Liu was able to read the temporary tag and argued at the motion-to-suppress hearing that the stop was illegal because the temporary tag was legible. In the context of appellant's written motions and arguments at the hearing, in which appellant argued in detail that the stop was illegal because the temporary tag was legible and appellant had not committed a crime, repeating this statement did not make it apparent that appellant also was urging that the stop was illegal because of its length. Therefore, appellant has not preserved this issue for appellate review. *See Hailey*, 87 S.W.3d at 122. Appellant's second issue is overruled. *See id.*

### III.  CONCLUSION

The trial court did not err in denying appellant's motion to suppress. Accordingly, the trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Publish — TEX. R. APP. P. 47.2(b).