**Affirmed and Memorandum Opinion filed April 19, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00455-CR

---

### GREGORIO MORENO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1406639**

---

## M E M O R A N D U M   O P I N I O N

Appellant Gregorio Moreno appeals his conviction for possession with intent to deliver a controlled substance, namely heroin, weighing more than four grams but less than two hundred grams. Appellant challenges the sufficiency of the evidence supporting his conviction and the trial court's denial of his motion to suppress evidence. We affirm.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

Officers Bradley and Huston, members of the narcotics enforcement team for the Houston Police Department,  received a tip that heroin was being sold from a residence.   The officers saw a red pickup truck arrive at the house under surveillance and watched as Richard Sanchez, later identified as a friend of appellant's, left the house and got into the pickup truck and drove off.   Officer Bradley tried to follow the truck but lost sight of it.   According to appellant and Sanchez, appellant was giving Sanchez a ride to the pharmacy to pick up a prescription for his ailing mother.

When the men returned to the home, Sanchez got out of the truck.   Officer Huston began to follow the truck as it left the home.   According to Officer Huston, when the driver failed to signal a turn, he called Officer Laureano, who was in a marked police car. Officer Huston notified Officer Laureano of the traffic violation and advised him to stop the truck for further investigation.   Appellant denied he failed to signal his turn and asserts that he never fails to indicate turns when driving.

While following the truck, Officer Laureano saw the truck "roll through" a stop sign and pulled the vehicle over.   Officer Laureano testified that in the process he saw the driver (appellant), the only person in the vehicle, moving around in the cab of the truck and leaning towards the right center of the driver's seat.   Officer Laureano asked appellant for his license and proof of insurance. Appellant produced neither.

Officer Laureano asked appellant to get out of the truck.   As appellant did so, he reached towards his shirt pocket, which caused Officer Laureano concern for his safety. According to Officer Laureano, he grabbed appellant's hand and asked him what he was reaching for in his pocket, and appellant replied he had heroin.

Appellant denied reaching for his pocket and telling the officer he had heroin.

Officer Laureano placed appellant under arrest and conducted a search of his person. During the search, Officer Laureano recovered narcotics, black tar heroin, from appellant's shirt pocket. Kari Hoffman, a chemist with the Houston Forensic Science Center, testified that the substance recovered from appellant's pocket weighed in total 7.05 grams. Officer Laureano then conducted a search of appellant's vehicle and recovered fifteen foil packets of black tar heroin from under the driver's seat, where he had seen appellant reaching before the traffic stop. Hoffman testified that the controlled substances recovered from appellant's vehicle weighed in total 3.35 grams. Officer Huston testified that the street value of one gram of heroin is between $80 to $100. He also opined that the packaging of the heroin indicated intent to deliver the heroin and that it was not for personal use.

Appellant was charged by indictment with the offense of possession with intent to deliver a controlled substance, namely heroin, with an aggregate weight of four or more grams but less than two hundred grams. The indictment contained two enhancement paragraphs alleging two prior felony convictions. Appellant filed a motion to suppress evidence seized from his vehicle and person. The trial court denied the motion.

Appellant pled "not guilty." The jury convicted appellant and assessed punishment at fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant now challenges his conviction, raising two appellate issues.

## II. ISSUES AND ANALYSIS

### A. Sufficiency of the Evidence

In his second issue appellant challenges the sufficiency of the evidence to support his conviction. Specifically, he asserts there were no links to prove that he knew about the heroin that was found under the driver's seat of the truck and that appellant testified at trial that he did not possess heroin on the day he was arrested.

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits an offense if the person knowingly possesses with intent to deliver a controlled substance listed in "Penalty Group 1." Tex. Health & Safety Code Ann. § 481.112 (a) (West, Westlaw through 2015 R.S.). The offense is a

felony of the first degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, four grams or more but less than two hundred grams. *Id*. § 481.112 (d). Heroin is a controlled substance listed in "Penalty Group 1." *Id*. § 481.102 (2) (West, Westlaw through 2015 R.S.). "Possession" is defined as "actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(a)(39) (West, Westlaw through 2015 R.S.); Tex. Health & Safety Code Ann. § 481.002(38) (West, Westlaw through 2015 R.S.). To prove unlawful possession of a controlled substance, the State must establish that (1) the accused exercised care, control, or management over the substance, and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Possession may be proven through direct or circumstantial evidence, although the evidence must establish that the person's connection with the substance was more than fortuitous. *Id.* at 405–06.

When the accused was not in exclusive possession of the place where the contraband was found, the State must show additional affirmative links between the accused and the contraband. *See Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Id.* Affirmative links are established by the totality of the circumstances. *See Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Courts have identified the following factors that may help to show an accused's affirmative links to a controlled substance:

- the accused's presence when a search is conducted;
- whether the contraband was in plain view;
- the accused's proximity to and the accessibility of the narcotic;

- whether the accused was under the influence of narcotics when arrested;
- whether the accused possessed other contraband or narcotics when arrested;
- whether the accused made incriminating statements when arrested;
- whether the accused attempted to flee;
- whether the accused made furtive gestures;
- whether there was an odor of contraband;
- whether other contraband or drug paraphernalia were present;
- whether the accused owned or had the right to possess the place where the narcotics were found;
- whether the place where the narcotics were found was enclosed;
- whether the accused was found with a large amount of cash; and
- whether the conduct of the accused indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). No set formula necessitates a finding of an affirmative link sufficient to support an inference of knowing possession. *See Hyett*, 58 S.W.3d at 830. The number of factors present is not as important as the logical force the factors create to prove the accused knowingly possessed the controlled substance. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Appellant contends there were no links to prove that he knew about the heroin that was found under the driver's seat of the truck. There was evidence at trial that appellant was the driver and sole occupant of the truck in which the heroin was found and that appellant was present when the Officer Laureano searched the truck. As the driver of the truck, appellant was in close proximity to the heroin under the driver's seat, and the area in which the heroin was found was accessible to appellant while he was in the driver's seat. When appellant was

6

arrested, he possessed other contraband—the heroin found in appellant's shirt pocket. Officer Laureano testified that appellant had been making movements towards the area under the driver's seat after Officer Laureano initiated the traffic stop.

Appellant also asserts that he testified at trial that he did not possess heroin on the day he was arrested and that he did not know there was heroin in the truck. But, this testimony does not make the evidence legally insufficient because we presume that the jury discredited appellant's testimony. *See Turro*, 867 S.W.2d at 47; *Carr v. State*, 477 S.W.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Viewing the evidence in the light most favorable to the verdict, a trier of fact reasonably could have determined beyond a reasonable doubt that (1) the heroin found under the driver's seat and in appellant's shirt pocket was within appellant's actual care, custody, control, or management, (2) appellant knew there was heroin under the driver's seat and in appellant's shirt pocket, and (3) appellant knowingly possessed with intent to deliver heroin with an aggregate weight of four or more grams but less than two hundred grams. *See Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Cisneros v. State*, 290 S.W.3d 457, 467 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd). The evidence is legally sufficient to support appellant's conviction. Accordingly, we overrule appellant's second issue.

## B. Denial of Appellant's Motion to Suppress

In his first issue, appellant contends that the trial court erred in denying his motion to suppress the heroin found in appellant's shirt pocket and under the driver's seat of the truck appellant was driving. In his motion, appellant asserted that this evidence was obtained in violation of the Fourth Amendment to the

United States Constitution and article I, section 9 of the Texas Constitution. *See* U.S. CONST. art. IV; Tex. Const. art. I, §9. The trial court took the motion to suppress with the case and denied the motion after hearing all of the trial evidence. Appellant contends that the trial court erred in denying the motion to suppress because the testimony of Officers Laureano and Huston was not credible. This argument does not show error by the trial court because the trial court is the sole judge of the credibility of witnesses as to testimony considered by the trial court in ruling on the motion to suppress. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Scillitani v. State*, 343 S.W.3d 914, 920–21 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Appellant has not briefed arguments in support of the proposition that the trial court erred in impliedly finding that (1) there was reasonable suspicion that appellant committed a traffic offense sufficient to justify an investigative detention during which appellant admitted that he had heroin in his shirt pocket and (2) that there was probable cause to arrest appellant for possession of heroin, which led to the search of appellant and the truck incident to arrest. Even if appellant had made such arguments, they would lack merit. *See Pabst v. State*, 466 S.W.3d 902, 904–07 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *LeCourias v. State*, 341 S.W.3d 483, 488–90 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

We conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's first issue.

## III. CONCLUSION

The trial evidence is legally sufficient to support appellant's conviction. The trial court did not abuse its discretion in denying appellant's motion to suppress. Having overruled both appellant's issues, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).