**Opinion issued May 19, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00748-CR

_____

**JAMES LEE SKINNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1315689**

---

## MEMORANDUM OPINION

Appellant James L. Skinner pleaded guilty to the reduced charge of second degree possession of methamphetamine, weighing more than 4 grams and less than 200 grams. The trial court deferred Skinner's adjudication and placed him on community supervision for ten years. On appeal, Skinner argues that the trial court

erred in denying motions to suppress products of the search warrant and denying a motion for disclosure of the informant's identity. We affirm.

## Background

On August 4, 2011, the Harris County Magistrate issued a search warrant for Skinner's residence located in Houston, Texas. Houston Police Department Officer B. McCord authored the warrant affidavit, which provided the following factual support:

> Within the past forty eight (48) hours, Houston Police Sergeant J. Yencha and your Affiant met with a credible and reliable confidential informant regarding narcotics activity at 4810 Hazard located in Houston, Harris County, Texas. Affiant has worked with the confidential informant on previous occasions and the information provided by this confidential informant has proven to be true and correct and the information has led to felony arrests.
>
> Affiant did not find any illegal narcotics and money after checking the confidential informant during the meeting and before and after the investigation. Affiant provided the confidential informant with a quantity of City of Houston money and instructed the confidential informant to go to 4810 Hazard, Houston, Harris County, Texas and attempt to purchase methamphetamine from the residence. Affiant followed the confidential informant to the residence while Sergeant Yencha maintained visual surveillance from a nearby location. Affiant watched as the confidential informant arrived and entered into the residence without making any stops. Shortly thereafter, Sergeant Yencha and I saw the confidential informant leave the residence. Affiant immediately followed the confidential informant directly to the preselected location without making any stops.

2

The confidential informant handed Affiant a clear plastic bag with a crystal like substance that resembled methamphetamine. According to the confidential informant, he/she asked the white male known as "James Skinner" for methamphetamine. The confidential informant told Affiant the white male known as "James Skinner" handed him/her a quantity of methamphetamine in exchange for the City of Houston money. The confidential informant stated that this white male known as "James Skinner" sold him/her the methamphetamine. The white male known as "James Skinner" advised the confidential informant that he had more methamphetamine and that he/she could come back anytime to get more methamphetamine.

The confidential informant told Affiant that he/she has seen methamphetamine on numerous occasions and can recognize methamphetamine by odor and sight. Affiant conducted a field test on the substance believed to be methamphetamine the confidential informant purchased from the white male known as "James Skinner" from 4810 Hazard and found that it contained methamphetamine substances.

Officers executed the warrant the day after its issuance, whereupon they seized several controlled substances from Skinner's residence, including methamphetamine and gamma-hydroxybutyric acid ("GHB").

At trial, Skinner moved to suppress products of the search warrant on two grounds. First, Skinner argued that the warrant affidavit provides an insufficient basis for a probable cause finding because it failed to specify when events and observations reported in the affidavit occurred.

Second, Skinner argued that the affidavit contains knowing or reckless material misstatements and omissions regarding the controlled buy, thereby rendering the warrant invalid pursuant to *Franks v. Delaware*, 438 U.S. 154, 98

3

S. Ct. 2674 (1978). In support, Skinner introduced an affidavit recounting errands and appointments that had kept Skinner away from home when the controlled buy purportedly occurred. An affidavit and appointment calendar from Nassim Joseph corroborated Skinner's averment that he met Joseph for a two-hour lunch at Lupe Tortilla Restaurant at 3:30 p.m. on August 3, 2011.[1] Skinner also submitted location data from his cellular telephone service provider purportedly showing that he made calls at 3:16 p.m. and at 4:45 p.m. from the area near the restaurant. At a hearing on the motion, Skinner developed testimony from Officers McCord and Yencha clarifying the circumstances of the controlled buy. The trial court denied the motion.

Additionally, Skinner moved for disclosure of the confidential informant's identity on the grounds that the informant could provide testimony necessary to a determination of guilt or innocence as well as testimony relevant to the validity of the warrant. After hearing argument and conducting an in camera hearing with the confidential informant, the trial court denied the motion.

**Motion to Suppress**

By his first issue, Skinner contends that the trial court erred in denying Skinner's motion to suppress because the warrant affidavit fails to provide an adequate basis for a probable cause finding.

---

[1] Though not stated in the warrant affidavit, the officers testified that the controlled buy happened around 5:00 p.m. on Wednesday, August 3, 2011.

## A.  Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard, giving almost total deference to the historical facts found by the trial court and reviewing de novo the trial court's application of the law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Our review is constrained to the four corners of the probable cause affidavit, and we "interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences." *Id.* "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *Id.* (quoting *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)).

## B.  Applicable Law

The Fourth Amendment provides that "[n]o warrants shall issue, but upon probable cause, supported by oath or affirmation." U.S. CONST. amend. IV. Probable cause supporting issuance of a warrant exists "when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location." *McLain*, 337 S.W.3d at 272; *see also Rodriguez*, 232 S.W.3d at 60–61.

The standard is flexible and non-demanding. *Id.* However, a magistrate must be able to ascertain the time of events and observations forming the basis for a probable cause finding from the affidavit. *Jones v. State*, 338 S.W.3d 725, 736

(Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012). The facts averred in a warrant affidavit "must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time." *Id.* (quoting *Peltier v. State*, 626 S.W.2d 30, 32 (Tex. Crim. App. 1981)); *see also Peltier*, 636 S.W.2d at 32 (declining to infer that averments were recently observed where affidavit failed to expressly state when past activities occurred and when observations were made).

## C.    Analysis

Skinner contends that the warrant affidavit fails to provide a substantial basis for the magistrate's probable cause determination because it fails to specify when the controlled buy occurred. Officer McCord's factual recitation begins:

> Within the past forty eight (48) hours, Houston Police Sergeant J. Yencha and your Affiant met with a credible and reliable confidential informant regarding narcotics activity at 4810 Hazard located in Houston, Harris County, Texas.

In the following paragraph, McCord reports that she "checked" the confidential informant for illegal narcotics and money "during the meeting and before and after the investigation." Appellant contends that the single temporal reference—"within the past forty eight (48) hours"—inadequately explains when events and observations occurred.

By stating that the officers had met with the informant within the past 48 hours, the affidavit provided an adequate timeframe from which the magistrate

6

could then determine that evidence sought would be at the location when the warrant issued. Though Officer McCord did not provide a specific date or time, all of the facts averred follow the opening phrase "within the past forty-eight (48) hours." The magistrate reasonably could have inferred that the opening phrase "within the past forty eight (48) hours" referred to all the events and observations that followed. *See State v. Griggs*, 352 S.W.3d 297, 303–04 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that affidavit stating affiant had met with informant for controlled buy "[w]ithin the past 48 hours" provided adequate timeframe from which magistrate could make probable cause finding); *McLain*, 337 S.W.3d at 273 (statement that affiant received information from informant "in the past 72 hours" allowed reasonable inference that controlled substances were probably at suspected place when warrant issued). This conclusion is bolstered by the affiant's averment that, during the controlled buy, Skinner suggested that his possession and delivery of controlled substances was ongoing by assuring the informant that he could "come back anytime to get more methamphetamine." *See Jones*, 338 S.W.3d at 736–37 ("Facts indicating ongoing criminal activity have long been recognized as diminishing the importance of establishing a specific and immediate time period in the affidavit.").

Similarly, we find that a commonsensical and realistic reading of the affidavit suggests that the "meeting" occurred coincident to the "investigation," or

controlled buy. In other words, a commonsensical reading of the entire affidavit and reasonable inferences therefrom suggests that "meeting" and "investigation" refer to a single course of events, and that the officers both met with the informant and executed the controlled buy within 48 hours of preparing and submitting the warrant affidavit.[2] *See United States v. Ventresca*, 380 U.S. 102, 108, 85 S. Ct. 741, 746 (1965) (explaining that reviewing courts must interpret warrant affidavits in a commonsensical and realistic matter in part precisely because "[t]hey are normally drafted by nonlawyers in the midst and haste of a criminal investigation").

We conclude that the temporal reference within the affidavit provided a basis from which the magistrate reasonably could conclude that there was a fair probability that a search would uncover evidence of wrongdoing at the time the warrant was issued. While Officer McCord's affidavit could have been more precise, the magistrate reading it in a commonsensical manner reasonably could have inferred that all the activities and observations recited therein happened "within the past forty-eight (48) hours." *See Griggs*, 352 S.W.3d at 303–04 (single temporal reference explaining that controlled buy occurred "within the past 48 hours" sufficiently provided time frame from which the magistrate could determine

---

[2]     Such a reading is consistent with testimony offered by Officers McCord and Yencha, who consistently and unequivocally recounted meeting with the informant immediately before and after executing the controlled buy.

that the evidence sought would be at residence when warrant issued); *McLain*, 337 S.W.3d at 273 (under commonsensical reading, single temporal reference explaining that informant observed appellee with controlled substance "in the past 72 hours" sufficiently provided time frame from which the magistrate could determine that evidence sought would be at residence when warrant issued).

We overrule Skinner's first issue.

## *Franks* Motion

By his second issue, Skinner contends that the trial court erred in denying his *Franks* motion because Officer McCord recklessly disregarded the truth when she swore in the affidavit that she "checked" the informant for narcotics before executing the controlled buy. In response, the State asserts that Skinner failed to preserve the alleged error.

## A. Standard of Review

We review a trial court's ruling on a *Franks* suppression issue under a mixed standard of review that gives almost total deference to the trial court's ruling on questions of fact that depend upon evaluations of credibility and demeanor, but reviews de novo the application of the law. *Jones*, 338 S.W.3d at 739; *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). Though this is the same mixed standard of review applicable to an alleged probable cause deficiency, in deciding a *Franks* motion, the court may look beyond the four corners of the

9

warrant affidavit and consider evidence offered by the movant "because this attack on the sufficiency of the affidavit arises from claims that it contains false statements." *Jones*, 338 S.W.3d at 739 (citing *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676).

## B.    Applicable Law

Though an affidavit supporting a warrant is entitled to a presumption of validity, that assumption may be challenged. *Cates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003). Under *Franks,* "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 156. While the Fourth Amendment demands a truthful factual basis for a probable cause finding, it does not require that the affidavit be "'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct." *Id.* at 165. Rather, it requires that the affidavit be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* The defendant bears the burden of establishing allegations of falsehood by a preponderance of the evidence. *Id.* Upon meeting that burden, the falsehoods in the affidavits will be set aside, and if the remaining content of the affidavit fails

to establish probable cause, the search warrant must be voided and the fruits of the search must be excluded. *Id.*

Arguments challenging the sufficiency of warrant affidavits may be waived if not properly preserved. TEX. R. APP. P. 33.1; *see e.g.*, *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (explaining that "even constitutional errors may be waived"); *Jones*, 338 S.W.3d at 735 ("double hearsay" argument challenging the reliability or credibility of informant subject to waiver). Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that an argument is not preserved for appellate review unless it was made to the trial court "by a timely request, objection, or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a); *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). Additionally, an appellant's arguments on appeal must comport with his arguments before the trial court. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014).

**C.    Analysis**

Skinner contends that the trial court erred in denying his motion to suppress because the warrant affidavit contained a material misstatement or omission made with reckless disregard for the truth. Particularly, Skinner argues that McCord

made a material misstatement or omission in stating that she "checked" the informant for narcotics before executing the controlled buy.

In the warrant affidavit, Officer McCord averred that she "did not find any illegal narcotics and money after checking the confidential informant during the meeting and before and after the investigation." However, the affidavit does not elaborate on how Officer McCord "checked" the informant for narcotics and money. Officer McCord offered testimony clarifying that she "checked" the informant by conducting a pat-down of the informant's outer clothing and turning out the informant's pockets. In response to questioning by defense counsel, Officer McCord conceded that a pat-down of outer clothing may not reveal the presence of a small plastic bag:

> Counsel: And of course, if you were patting somebody down and they had a small plastic baggie with meth in it, that's not something that you will really feel in a pat-down, is it?
>
> McCord: Possibly.
>
> Counsel: Sure, possibly. But not likely, right?
>
> McCord: Depends.

Based on this testimony, Skinner argues that Officer McCord intentionally, or with reckless disregard for the truth, misstated or omitted material information regarding the effectiveness of her search before and after the controlled buy. Insofar as the controlled buy was the only fact providing support for issuance of

the warrant, Skinner argues that such intentional misstatements or omissions invalidate the warrant and demand suppression of evidence seized pursuant to the warrant.

Upon review of the record, we conclude that Skinner's argument on appeal does not comport with his arguments before the trial court. In his written motion, Skinner argued that the affidavit was fatally deficient because it contained discrepancies suggesting that the controlled buy never actually occurred or that the officers falsely averred that they maintained surveillance throughout the controlled buy. At the *Franks* hearing, defense counsel argued that the affidavit was fatally deficient because (1) it failed to state that the officers observed the informant actually entering the front door of 4810 Hazard; (2) it stated that officers followed informant to the residence despite the offense report stating that the informant was driven by Officer McCord to the residence; and (3) use of the term "residence" was intentionally vague and open to interpretation. There is no indication in the record that Skinner complained to the trial court about Officer McCord's statement that she "checked" the informant. Though counsel developed some testimony regarding Officer McCord's use of the word "checked," this alone does not preserve error. *Pabst v. State*, 466 S.W.3d 902, 907 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (though appellant developed testimony on an issue raised on appeal, by not including that theory in written motions or arguments to trial court,

13

appellant failed to preserve issue). The argument was not presented to the trial court despite the trial court's admonition to defense counsel that "[i]f you're going to argue, then be sure you cover that portion of the evidence during this hearing regarding exactly what is the other misrepresentation or recklessness or falsity of statements."

We conclude that Skinner did not preserve error as to his complaint that the warrant is invalid because the affidavit included material misstatements or omissions made in reckless disregard for the truth by stating that the officer "checked" the informant before and after the controlled buy.

We overrule Skinner's second issue.

### Motion to Disclose Identity of Confidential Informant

Skinner argues in his third issue that the trial court erred in denying his motion to disclose the identity of Officer McCord's confidential informant.

**A.** **Standard of Review**

We review a trial court's denial of a motion to disclose the identity of a confidential informant under an abuse of discretion standard. *Blake v. State*, 125 S.W.3d 717, 728 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980)). A trial court does not abuse its discretion unless its decision "was so clearly wrong as to lie outside that zone

within which reasonable persons might disagree." *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).

## B.     Applicable Law

The State has a privilege to refuse to disclose the identity of an informant that has assisted in an investigation. TEX. R. EVID. 508(a). However, there are exceptions to this privilege. TEX. R. EVID. 508(c). First, the State may not refuse to disclose the identity of an informant in a criminal case when the trial court determines there is a "reasonable probability" that the informant "may be able to give testimony necessary to a fair determination . . . on guilt or innocence . . . ." TEX. R. EVID. 508(c)(2).

To obtain disclosure under Rule 508(c)(2), a defendant bears the burden of showing that the informant may be able to give testimony relevant to the determination of guilt or innocence. *See Sanchez v. State*, 98 S.W.3d 349, 355–56 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (citing *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991)). To meet this burden, "the defendant must present evidence, from any source, but cannot rely on mere speculation or conjecture." *Id.* (citing *Bodin*, 807 S.W.2d at 318). The defendant may not actually know the nature of the informant's testimony; therefore, "the defendant need make only a plausible showing of how the informant's testimony may be important, *i.e.*, how that testimony could be necessary to a fair determination of

15

guilt or innocence." *Id.* at 355–56. The defendant must still show that the informant's potential testimony would significantly aid him. *Id.* at 356 (citing *Bodin*, 807 S.W.2d at 318). For example, "[w]henever it is shown that an informant was an eyewitness to an alleged offense[,] then certainly that informant can in fact give testimony 'necessary to a fair determination of the issues of guilt, innocence.'" *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991).

Additionally, the State may not refuse to disclose an informant's identity if "information from an informer is relied upon to establish the legality of the means by which evidence was obtained" and "the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible." TEX. R. EVID. 508(c)(3). In applying Texas Rule of Evidence 508(c)(3), "[t]he test is whether the judge is satisfied that the informant was reasonably believed to be reliable or credible." *Blake*, 125 S.W.3d at 728 (citing *Thompson v. State*, 741 S.W.2d 229, 231 (Tex. App.—Fort Worth 1987, pet. ref'd)).

## C. Analysis

Skinner maintains that the trial court erred in refusing to require the State to disclose the informant's identity. Skinner argued that disclosure was appropriate because the informant was believed to have information necessary to a fair determination of guilt or innocence and because the informant's information was not reasonably believed to be reliable or credible. The trial court required the State

to produce its informant for an in camera hearing and, following that hearing, denied Skinner's motion.

Upon reviewing the record—including the sealed transcript from the in camera hearing—we conclude that the trial court did not abuse its discretion in denying Skinner's motion to disclose the informant's identity. The informant made a controlled buy from Skinner within 48 hours before the execution of the search warrant. Information from the controlled buy was used to establish probable cause for a warrant, but Skinner was not charged for possession of the substance he sold to the informant and thus, the informant was not an eye witness to the charged offense. Rather, Skinner was charged with possession of a controlled substance with intent to deliver after police executed the search warrant on August 5, 2011, and found Skinner in possession of controlled substances. Accordingly, there is nothing to indicate that the informant would be able to offer testimony concerning whether Skinner exercised care, control, or custody over the controlled substances discovered on August 5, 2011. For this reason, we conclude that the trial court's decision was not outside of the zone of reasonable disagreement. *See Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (not error to refuse to disclose informant's identity under Rule 508(c)(2) where informant conducted a controlled buy at appellant's residence, the controlled buy was only used to support probable cause for search

warrant, and appellant was charged with possession of controlled substance with intent to deliver only after execution of search warrant at appellant's residence resulted in finding controlled substance); *Daniels v. State,* 25 S.W.3d 893, 898 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (not error to refuse to disclose informant's identity where informant's alleged knowledge of appellant selling drugs out of her house at one time did not bear on her guilt or innocence for offense charged after officers later executed a search at her home and discovered a quantity of marijuana).

Similarly, we conclude that the trial court did not abuse its discretion in impliedly finding that the informant's information could be reasonably believed to be reliable or credible. In the warrant affidavit, Officer McCord averred that she "worked with the confidential informant on previous occasions and the information provided by this confidential informant has proven to be true and correct and the information has led to felony arrests." Nothing in Officer McCord's testimony suggests that she did not find the informant to be reliable or credible at the time she prepared and submitted her affidavit. As the sole judge of witness credibility, the trial judge was entitled to credit Officer McCord's testimony and was not required to order disclosure of the informant's identity. *See Blake*, 125 S.W.3d at 728. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to order disclosure of the informant's identify under Rule 508(c)(3). *See*

18

*Blake*, 125 S.W.3d at 728 (upholding trial court's refusal to require disclosure of informant's identity where nothing in record indicated that, when preparing and submitting affidavit, affiant did not find informant to be reliable or credible).

We overrule Skinner's third issue.

**Conclusion**

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).