

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00152-CR

MICHAEL BOX                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F16-2185-367

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Michael Box appeals his conviction and four-year sentence for possession of a controlled substance—less than one gram of methamphetamine. In three issues, Box argues that the trial court erred by denying his suppression motion, by viewing a video from the arresting officer's in-car camera prior to trial,

---

[1]*See* Tex. R. App. P. 47.4.

and by considering evidence of a prior conviction for enhancement purposes. Because we conclude that Box has failed to preserve his first two arguments for review and because we conclude that the trial court did not abuse its discretion by admitting and considering the complained-of evidence, we will affirm.

## II. BACKGROUND

Officer Abimael Casanova of the Lewisville Police Department testified that on August 23, 2015, he was working patrol when he saw Box driving his SUV down Interstate 35. From Casanova's view, it appeared that Box was driving without the SUV's taillights illuminated, so he initiated a traffic stop. After approaching Box's SUV from the passenger side for safety reasons, Casanova questioned Box about the taillights and where he was going. According to Casanova, Box was unusually nervous and fidgety. Casanova also did not believe Box's story about where he was going, allegedly to Walmart, because Box had passed two Walmarts on his drive down Interstate 35. After Box revealed that he did not have a drivers' license on him, Casanova went back to his patrol vehicle, ran Box's name through the department's system, and learned that Box did not have a valid drivers' license.

After returning to Box's SUV, Casanova again asked Box where he was going, and Box then explained that he was actually out driving around to clear his head after an argument with his wife. By Casanova's account, he asked Box to step out of his SUV and then asked Box if he could search the SUV, to which Box agreed and handed Casanova the keys to his SUV. Upon searching,

2

Casanova found three methamphetamine pipes, one of which contained a usable amount of methamphetamine.

The trial court found Box guilty of possession of a controlled substance—less than one gram of methamphetamine. After conducting the punishment phase of trial and after having found the State's two enhancement paragraphs to be true, the trial court sentenced Box to four years' incarceration. This appeal followed.

### III. Discussion

In his first point, Box complains that the trial court erred by not granting his motion to suppress. Specifically, Box complains that Casanova illegally asked him to step out of his SUV and illegally searched his vehicle. The State argues that Box has failed to preserve this issue for our review. We agree with the State.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). Even constitutional errors may be waived by failure to timely complain in the trial court. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). And the complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.

3

Crim. App. 2004); *Vafaiyan v. State*, 279 S.W.3d 374, 383 (Tex. App.—Fort Worth 2008, pet. ref'd). To determine whether the complaint on appeal comports with that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

In this case, at the beginning of trial, Box orally motioned the court to suppress "everything" after the initial traffic stop. Box's argument to the trial court was that his taillights were illuminated and that, therefore, Casanova conducted an improper traffic stop. Now, on appeal, Casanova is arguing that Casanova's asking Box to step out of his SUV and then searching the SUV was unconstitutional. Because Box's objection at trial does not comport with the complaint he now makes on appeal, he has forfeited this complaint for our review. *See Pabst v. State*, 466 S.W.3d 902, 907–08 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("[A]ppellant argued in detail that the stop was illegal because the temporary tag was legible and appellant had not committed a crime[.] [R]epeating this statement did not make it apparent that appellant also was urging that the stop was illegal because of its length."). We overrule Box's first point.

In his second point, Box argues that the trial court impermissibly watched the video from Casanova's in-car camera prior to trial. Box argues that this violated his right "to confront the witness sponsoring the video." The State

4

argues that Box had agreed to allow the trial court judge to watch the video of the traffic stop prior to trial.

We have examined the record, and it is obvious that the parties had agreed to let the trial judge review the video prior to trial. Moreover, not only had the parties agreed to let the trial judge review the video, Box never objected to the trial judge having viewed the video, despite multiple opportunities, and thus he forfeited this complaint for our review.

As mentioned above, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Douds*, 472 S.W.3d at 674. And a reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Because Box did not complain about the trial court judge having viewed the video prior to trial when he was given the opportunity to, he has forfeited this complaint for our review. We overrule Box's second point.

In his third point, Box argues that the trial court impermissibly granted "the State's motion to amend the indictment to include the enhancements" and that one of the judgments, labeled a judgment nunc pro tunc, was impermissibly used to enhance his conviction. The State argues that it never moved to amend the

5

indictment and, among other arguments, that Box admitted to serving the prison sentence detailed in the judgment that he now complains of.

At the punishment phase, over Box's objection to State's exhibit 10, the State introduced evidence that Box had served prison time for two prior felony convictions—burglary of a habitation and unauthorized use of a motor vehicle. Regarding the unauthorized use of a motor vehicle, the State introduced two judgments with the same cause number—State's exhibits 9 and 10. State's exhibit 9 indicates that Box served in a "SPECIAL ALTERNATE INCARCERATION PROGRAM" for the unauthorized use of a motor vehicle, but State's exhibit 10, which has a handwritten title of "Nunc Pro Tunc," indicates that Box had been sentenced to ten years' incarceration. Although Box's argument on appeal is difficult to understand, it appears as though he is complaining of the trial court's admitting and then considering State's exhibit 10.

In general, we review a trial court's admission of evidence under an abuse-of-discretion standard. *See Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). This means that as long as a trial court's decision falls within the zone of reasonable disagreement, we will not disturb it. *See id.* at 83.

Here, at the punishment hearing, Box admitted that he had spent "about eight and a half years in prison" for the unauthorized-use-of-a-motor-vehicle conviction. Thus, it was within the zone of reasonable disagreement for the trial court to admit and consider the judgment titled "Nunc Pro Tunc," which indicated that Box had been sentenced to ten years' incarceration, and that State's exhibit

6

10 was the proper judgment for the court to consider regarding the State's enhancement allegation. We also agree with the State that there is no evidence in the record that it ever moved to amend or was granted an amendment to the indictment. We overrule Box's third point.

## IV. CONCLUSION

Having overruled Box's three points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: SUDDERTH, C.J.; MEIER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 9, 2018