Forest PENTON, Jr., Appellant

v.

The STATE of Texas, Appellee

NO. 14–14–00406–CR

Court of Appeals of Texas,
Houston (14th Dist.).

Majority and Concurring Opinions
filed March 22, 2016

Sarah Vernier Wood, Houston, TX, for Appellant.

Jessica Alane Caird, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

## MAJORITY OPINION

Kem Thompson Frost, Chief Justice

Appellant Forest Penton, Jr. asserts the trial court erred in denying his motion to suppress and in rendering a judgment that recites he was convicted of delivery of methamphetamine, a first-degree felony, when, in fact he was convicted of possession of methamphetamine, a second-degree felony. We modify the judgment to reflect that appellant was convicted of the second-degree felony and affirm the judgment as modified.

### BACKGROUND

Appellant was a passenger in his nephew's car when Deputy Michael Santos noticed the traffic light turn yellow and the car attempt to speed through the light. The light turned red before the car passed underneath it. Deputy Santos initiated a traffic stop and approached appellant while his partner approached the driver. Deputy Santos testified that as he approached the car, appellant began to squirm around, so he restrained appellant using handcuffs and placed appellant in the back of a patrol car. Deputy Santos recovered two baggies containing a crystal-like substance from the car, and as he was placing the baggies in the patrol car, appellant stated that the "stuff" belonged to him, not to his nephew.

Appellant was charged by indictment with possession with intent to deliver methamphetamine weighing more than four grams and less than two hundred grams.[1] The indictment included two enhancement paragraphs, each alleging a prior felony conviction. Appellant pleaded, "not guilty," to the charge but pleaded "true" to the enhancement paragraphs. Appellant filed a motion to suppress evidence of his oral statements to police officers. The trial court denied the motion to suppress. The jury convicted appellant of the lesser-included offense of possession of methamphetamine and assessed punishment at thirty-two years' confinement.

On appeal, appellant challenges the trial court's ruling on the motion to suppress. In addition, appellant seeks reformation of the judgment to eliminate an error in the description of the offense for which he was convicted.

### ISSUES AND ANALYSIS

**A. Did appellant preserve error on his suppression issue?**

In his first issue, appellant asserts the trial court erred in denying his motion to suppress statements he made to police officers after the traffic stop on the ground that appellant's statements were the result of an illegal detention and an illegal arrest. Appellant asserts that the police officers did not have reasonable suspicion to stop his vehicle. In particular, appellant argues that entering an intersection while a traffic signal is yellow is not a traffic violation, even if the traffic signal turns red before the vehicle passes through the intersection. Appellant also asserts that he was arrested without probable cause and therefore the trial court erred in denying his motion to suppress. The State asserts

1. Throughout this opinion, all references to possession with intent to deliver methamphetamine and all references to possession of methamphetamine refer to methamphetamine in an amount weighing more than four grams and less than two hundred grams.

that appellant failed to preserve error in the trial court on the arguments under appellant's first issue because appellant's motion to suppress was not specific enough to alert the trial judge to the complaint appellant now raises on appeal.

■ Appellant was required to preserve error in the trial court as to his first issue. *See Pabst v. State,* 466 S.W.3d 902, 907 (Tex.App.—Houston [14th Dist.] 2015, no pet.). To preserve an issue for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex.R.App. P. 33.1(a); *Pabst,* 466 S.W.3d at 907. The appellate complaint must comport with the specific complaint that appellant timely lodged in the trial court. *See Wilson v. State,* 71 S.W.3d 346, 349 (Tex.Crim.App.2002). Even constitutional errors may be waived by failure to timely complain in the trial court. *See Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim.App.1995).

■ It violates "ordinary notions of procedural default" for an appellate court to reverse a trial court's decision on a legal theory not timely presented to the trial court by the complaining party. *See Hailey v. State,* 87 S.W.3d 118, 122 (Tex.Crim. App.2002); *Pabst,* 466 S.W.3d at 907. The complaining party must have conveyed to the trial court the particular complaint raised on appeal, including the precise and proper application of law as well as underlying rationale. *See Pena v. State,* 285 S.W.3d 459, 463–64 (Tex.Crim.App.2009); *Pabst,* 466 S.W.3d at 907. Clarity is required, but litigants need not employ specific words to avoid forfeiting their complaints. *Vasquez v. State,* 483 S.W.3d 550, 554 (Tex.Crim.App.2016). The key to effective preservation of error is letting the trial court know what the objecting party wants and why the objecting party claims entitlement to that relief and conveying

these points in terms that are clear enough for the judge to understand. *Id.* A general or imprecise objection will not preserve error for appeal unless it is clear from the record that the legal basis for the objection was obvious to the court and opposing counsel. *Id.*

In his motion to suppress, appellant asserted, in relevant part, that "the alleged statements herein are the product of an unlawful arrest, illegal detention, and an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution" and "the alleged statements were obtained in violation of the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; Article I, Sections 9, 10, and 19 of the Constitution of the State of Texas; and Chapter 14 and Articles 38.21 and 38.22 of the Texas Code of Criminal Procedure." In the motion appellant did not specify why he believed the arrest was unlawful or the detention illegal, nor did appellant identify any legal theory to suggest why the arrest was unlawful or the detention illegal. At the hearing on the motion to suppress evidence, appellant waived his right to open and close. Though appellant questioned witnesses, he did not offer any legal argument to the trial court. Nor did appellant question the witnesses in such a way that his appellate complaints were apparent from the context of his questions during the hearing. Appellant did not unpack the broad assertions he made, nor did he provide details or supporting points that might have made the basis for the requested relief evident to the trial court.

Appellant points out that the trial judge made a fact-finding and a conclusion of law related to his appellate complaints. But, the trial court's finding does not show the trial court understood appellant to be objecting to the detention as illegal because

the police officer did not have reasonable suspicion that appellant committed a traffic violation. *See Vasquez*, 483 S.W.3d at 555–56 (noting that intermediate appellate court's reliance on findings of fact to determine appellant's argument in the trial court was misplaced because the findings were issued after the appeals process had begun). The trial court's oral comments at the time of the trial court's ruling indicate the trial court was ruling on the voluntary nature of appellant's statements.

Appellant's objection was too broad and imprecise to place the trial court on notice of the complaints appellant now raises under his first issue. *See id.* at 554–56. Because appellant's complaint in the trial court was not sufficiently specific to make the trial court aware of his appellate complaints, appellant's arguments under his first issue are not preserved for appeal.[2] *See id.* Accordingly, we overrule appellant's first issue.

**B. Does the judgment contain errors?**

▮ In urging the second issue, appellant asserts that the judgment incorrectly reflects that he was convicted of a first-degree felony, possession with intent to deliver methamphetamine, because appellant was convicted of the lesser-included offense of possession of methamphetamine, a second-degree felony. Appellant requests that we reform the judgment to reflect a conviction for the second-degree felony of possession of methamphetamine. The State concedes error in the judgment and agrees we should grant the requested relief.

The record reflects that the jury did not find appellant guilty of the charged offense of possession with intent to deliver meth-

amphetamine and that the jury found appellant guilty of the lesser-included offense of possession of methamphetamine. Possession of methamphetamine weighing more than four grams and less than two grams is a second-degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(d) (West, Westlaw through 2015 R.S.); Tex. Health & Safety Code Ann. § 481.102(6) (West, Westlaw through 2015 R.S.); *Collins v. State*, 240 S.W.3d 925, 926 (Tex. Crim.App.2007). The trial court erred in reciting in the judgment that appellant was convicted of the first-degree felony of possession with intent to deliver methamphetamine weighing more than four grams and less than two hundred grams. We therefore sustain appellant's second issue and grant the requested modification. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim.App.1992); *Musgrove v. State*, 425 S.W.3d 601, 612 (Tex.App.—Houston [14th Dist.] 2014, pet. ref'd) (modifying judgment to reflect correct offense level). Accordingly, we modify the judgment to reflect that appellant was convicted of the second-degree felony of possession of methamphetamine weighing more than four grams and less than two hundred grams.

CONCLUSION

Appellant did not preserve his first issue for appellate review and therefore we overrule his challenge to the trial court's denial of his motion to suppress. Appellant is entitled to relief on his second issue because the judgment contains an error. Because the judgment incorrectly reflects that appellant was convicted of the first-degree felony of possession with intent to deliver methamphetamine weighing more than four grams and less than two hun-

---

**2.** We need not and do not address whether appellant preserved error as to complaints not raised in this appeal.

dred grams, we modify the judgment to delete that recital and instead to reflect appellant's conviction of the second-degree felony of possession of methamphetamine weighing more than four grams and less than two hundred grams. We affirm the trial court's judgment as modified.

(Christopher, J. concurring).

Tracy Christopher, Justice, concurring

While appellant was handcuffed in the back of a patrol car, he told the police officer that the drugs were his and to let his nephew—the driver—go. It is undisputed that appellant did not receive any warnings before this statement. The defense moved to suppress this confession. The State stipulated that it was a warrantless *arrest* [1] and agreed that the State had the burden of proof. The State called the arresting officer to the stand who stated that the car ran the red light, giving him "probable cause" to pull the car over.

The officer testified: "We saw the car traveling ... and the light turned yellow and the car tried to speed through the light and didn't make it; ran the red light."

The officer approached the passenger side of the car. After seeing appellant "squirming around" and tossing what appeared to be drugs out of his pocket, the officer "detained" appellant by putting him in handcuffs in the his nephew's car. Appellant was yelling and upset. The officer then moved appellant to the patrol car. After retrieving the drugs from the nephew's car, the officer returned to the patrol car, where the appellant was still yelling and upset, and appellant confessed. The confession was not made in response to any type of questioning or interrogation.

On cross-examination, the officer testified that the stop was a pretextual stop—

meaning that the officers were following the vehicle to watch for a traffic violation to "develop our own probable cause."

Q. So this vehicle, you then follow it for a fairly short distance?

A. Short.

Q. As soon as you saw it, it basically rolled a stop light?

A. It did.

Q. Went through a red light?

A. Changing from yellow to red. They didn't make it.

The remainder of the cross-examination focused on the circumstances of the detention/arrest and whether or not the officer questioned the appellant before he made his confession. There were no other questions about the traffic stop.

The judge made oral findings that the statement was spontaneous and not in response to any questioning. In other words, the judge found that there was no custodial interrogation and therefore no violation of Article 38.22.

On appeal, appellant claims that there was no probable cause for the traffic stop because it is not a violation of the traffic laws if the vehicle entered the intersection before the light turned red. On this record, I agree with the majority that appellant waived a complaint about whether or not there was probable cause to stop the vehicle. The motion was generic, there were very few questions asked about the traffic stop in the hearing, there was no discussion of the traffic laws during the hearing, and no argument about the stop. In addition, the judge's oral findings do not address the stop at all.

Because the majority opinion is so broad, I write separately to show that

---

1. The trial court ultimately found that appel-    lant was not under arrest but only detained.

appellant *did preserve* the issue as to whether or not the confession was made in response to an interrogation, even though the motion was generic and there was no argument made at the hearing. However, appellate counsel chose not to bring a point of error as to that finding.[2]

The Court of Criminal Appeals has held that preserving a motion to suppress requires more than a generic written motion. *See Swain v. State,* 181 S.W.3d 359, 365 (Tex.Crim.App.2005). The motion must be as specific as it can be and then defense counsel must make every argument that is in the motion at the hearing. *See Resendez v. State,* 306 S.W.3d 308, 312–13 (Tex. Crim.App.2009). If counsel hears something objectionable at the hearing that is not in the written motion, then counsel needs to make sure that the judge and the prosecutor understand that counsel is making a new argument. *See Vasquez v. State,* 483 S.W.3d 550, 554–56 (Tex.Crim. App.2016).

The hearing on the motion to suppress was very typical of most motions that we review. Here the judge took testimony and never gave counsel the opportunity to explain the basis of his motion to suppress—where in an opening or a closing statement. Nor did counsel ask for time to explain his motion or object to the failure of the court to allow argument.

COURT: Defense has previously filed a Motion to Suppress defendant's statement. I have that in front of me. I'm not sure when it was filed. At any rate, call your first, please.

STATE: Well, your Honor, we will stipulate that it was a warrantless arrest.

COURT: You say you're going to stipulate that there was no warrant?

STATE: Correct. So the State will have the burden and we will call Deputy Santos.

After the Deputy testified:

STATE: State rests your Honor.

COURT: You rest on your motion, [defense counsel]?

DEFENSE: For the purposes of the hearing, I need to call the defendant, Mr. Penton, to the stand for the limited purposes of the statement.

After appellant testified:

COURT: Both sides close?

DEFENSE: Yes, your Honor. Close.

STATE: State rests and closes, your Honor.

COURT: Okay. I'll see y'all tomorrow morning when I decipher my notes.

DEFENSE: Okay. So we will follow up then?

COURT: Yes.

The next day:

COURT: Yesterday we had a hearing outside the presence of the jury on defense's motion to suppress statements by the defendant. Heard from a witness from the State and then the defendant took the stand and testified. It was stipulated that no warrant was involved in the search or arrest. I did find that statements by the defendant were voluntarily made. And that the statements by the defendant, spontaneous statements by the defendant while he was seated in the back of the patrol car were not in response to any questioning by law enforcement officers and this relates to statements to the effect that the stuff, referring to the methamphetamine found in the vehicle, did not belong to his nephew and that it was all his, meaning the defendant's. The statements are not

2. The record supports the trial judge's finding.

going to be suppressed and they may be mentioned in the presence of the jury and referred to in the opening statement, if the State chooses.

And then the trial started.

Preservation of error is tricky. In the heat of trial, not every defense attorney will preserve every argument. And as is well known, a defendant is not entitled to error-free representation. *See Robertson v. State,* 187 S.W.3d 475, 483 (Tex.Crim. App.2006). Most motions to suppress are correctly denied but if defense counsel has a good argument,[3] it has to be properly preserved.

How can our system of justice make sure this is done? First, courts of appeals should publish more opinions, including those where waiver is found. Those opinions can reinforce what is necessary to preserve. Second, our continuing legal education seminars need to include preservation in every substantive topic, not limiting it to an "appellate track." Providing checklists for preservation would be useful. Third, counsel should customize the motion to suppress after a discussion with the client and with the police if possible.[4] Fourth, on a routine basis, trial judges should ask for argument from counsel at the motion to suppress, and/or counsel must ask for it.

If defense counsel spoke to just his client, and no other person involved in the traffic stop, counsel would have been unaware of a viable defense to the traffic stop because appellant testified that he did not know why the car was pulled over. It would have been impossible for counsel to

have made the specific legal objection in his written motion that appellant is now claiming on appeal. Maybe counsel could have known about the argument from talking to the driver, appellant's nephew. But sometimes it is only after hearing the testimony under oath of the police officer that an issue develops. If that happens, defense counsel must make a "new" argument and ensure that everyone understands the "new" argument.[5] *See Vasquez,* 2016 WL 735786, at *3–5.

I agree with the majority's finding of waiver and respectfully concur to flesh out the parameters of the waiver.

---

3. *E.g., State v. Rendon,* 477 S.W.3d 805 (Tex. Crim.App.2015); *State v. Villarreal,* 475 S.W.3d 784 (Tex.Crim.App.2015).

4. I recognize that it is not always possible to talk to the police before the filing of the written motion.

5. I do not think that this "new" argument would have been successful either. *See Little v. State,* No. 14–13–00832–CR, 2014 WL 7172403 (Tex.App.—Houston [14th Dist.] Dec. 16, 2014, no pet.) (mem. op., not designated for publication).