Charles Richard JOSEPH, Appellant

v.

The STATE of Texas, Appellee

NO. 14–15–00965–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed January 19, 2017

Discretionary Review Refused March 22, 2017

Hattie Sewell Shannon, Houston, TX, for Appellant.

Heather Hudson, Houston, TX, for State.

Panel consists of Justices Jamison, Wise, and Jewell.

## OPINION

Ken Wise, Justice

Two police officers arrested appellant Charles Richard Joseph for operating a motor vehicle without possessing his license. *See* Tex. Transp. Code § 521.025. They searched his car and found a baggie of cocaine. Appellant asked why he was being arrested, and an officer showed him the cocaine. In response, appellant said the cocaine was his and he bought it thirty minutes beforehand.

A jury found appellant guilty of possessing a controlled substance—cocaine weighing less than one gram. *See* Tex. Health & Safety Code §§ 481.102(3)(D), 481.115(a)-(b). Appellant challenges his conviction in a single issue, contending that the trial court erred by denying a motion to suppress his statement to police.

We affirm.

## I. Motion to Suppress

Appellant contends that the trial court erred by admitting his oral statement into evidence because (1) "there was no probable cause to search the contents of Appellant's automobile" and "the statement was the product of an illegal search of his car," (2) the statement "was not made freely or voluntarily but was given as a result of compulsion," and (3) appellant "had been arrested by two officers and was not given any *Miranda* warnings." We hold that appellant did not preserve his first two complaints for appellate review, and his third complaint lacks merit.

### A. Preservation of Error

■ To preserve an issue for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Penton v. State*, 489 S.W.3d 578, 580 (Tex. App.–Houston [14th Dist.] 2016, pet. ref'd). The appellate complaint must comport with the specific complaint that the appellant timely lodged in the trial court. *Id.* The appellant must have conveyed to the trial court the particular complaint raised on appeal, including the precise and proper application of law as well as the underlying rationale. *Id.* A general or imprecise objection will not preserve error for appeal unless it is clear from the record that the legal basis for the objection was obvious to the court and opposing counsel. *Id.*

For example, in *Penton*, this court held that Penton did not preserve error for his complaint that his statements should have been suppressed because the traffic stop was unlawful based on the officers' lacking reasonable suspicion. *See id.* at 579–81. Penton had asserted in a motion to suppress:

- "[T]he alleged statements herein are the product of an unlawful arrest, illegal detention, and an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution";

- "[T]he alleged statements were obtained in violation of the Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article I, Sections 9, 10, and 19 of the Constitution of the State of Texas; and Chapter 14 and Articles 38.21 and 38.22 of the Texas Code of Criminal Procedure."

*Id.* at 580. But in the motion, Penton "did not specify why he believed the arrest was unlawful or the detention illegal, nor did [Penton] identify any legal theory to suggest why the arrest was unlawful or the detention was illegal." *Id.*

At the suppression hearing, Penton did not argue that he was illegally detained because the police officer did not have reasonable suspicion to believe Penton had committed a traffic violation. *See id.* at 580–81. Nor did Penton question the witnesses in such a way to indicate that his appellate complaint was apparent from the context of his questioning. *Id.* at 580. The trial court made oral findings and conclusions, but the court's comments at the time of the ruling indicated that the court was ruling only on "the voluntary nature of appellant's statements." *Id.* at 581.

■ Here, appellant filed a motion to suppress, asserting:

- "The arrest and search of the Defendant and the search of the vehicle the Defendant is alleged to have driven, was without probable cause, in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States, and Article 1, §§ 9, 10, and

19 of the Constitution of the State of Texas."

- "All statements made by the Defendant and items seized at the time of and subsequent to the arrest and search of the Defendant and the search of the vehicle where the Defendant was arrested were products of the illegal arrest and search of the Defendant and the search of the vehicle where the Defendant was arrested. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); 5th and 14th Amendments to the United States Constitution, Art. I, § 10 of the Texas State Constitution; Tex. Code Crim. Proc. arts. 38.21, 38.22, and 38.23."

- "Any statement made by the Defendant was not made freely nor voluntarily but was given as a result of compulsion and/or persuasion. Tex. Code Crim. Proc. art. 38.23; 5th and 14th Amendments to the United States Constitution; Article I, § 10 of the Texas State Constitution; *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)."

- "Any oral statements made by the Defendant were not made and preserved in compliance with the requirements of Tex. Code Crim. Proc. art. 38.22."

Before the jury was sworn, the court addressed appellant's separate motion in limine. Appellant's trial counsel explained:

I request that the Court order the district attorney not to mention, refer to, or attempt to elicit in any manner any statements of the defendant in trial in the presence of the jury until a hearing has been held outside the presence of the jury to determine whether the statement is inadmissible under Texas Penal Procedure Code 38.22, whether the statement is res gestae of the offense, whether the statement is inadmissible as taken into derogation of the right to counsel pursuant to *Miranda versus Arizona*.

The trial court explained that before the second witness testified, the court would "do a Jackson–Denno Hearing on the oral statement."[1] Trial counsel did not mention the motion to suppress.

Later, the trial court announced it was holding a *Jackson v. Denno* hearing outside the jury's presence:

Folks, this is a Jackson Denno hearing. Trying to figure out what, if anything, was said by Mr. Joseph when, under what circumstances, is it a voluntary statement, is it custodial interrogation.

Trial counsel questioned a police officer about whether (1) appellant was under arrest at the time of his statement, (2) appellant was being questioned, (3) appellant was aware of his rights under *Miranda*, and (4) the statement was recorded in compliance with Article 38.22, § 3(a)(1), of the Texas Code of Criminal Procedure. Trial counsel did not ask any questions about the search of the car or factors impacting the voluntariness of appellant's statement.

---

**1.** *See Jackson v. Denno,* 378 U.S. 368, 376–78, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (holding that state criminal defendants have a constitutional right to a fair hearing and reliable determination of the voluntariness of a confession outside the presence of the jury); *see also* Tex. Code Crim. Proc. art. 38.22, § 6; Tex. R. Evid. 104(c)(1).

Trial counsel then argued to the court: "Obviously he was in custody, and nothing—had not been warned under *Miranda*." The State responded that the statement was not the result of custodial interrogation because appellant volunteered the information.

The trial court made oral findings and conclusions[2] before ruling that the statement was admissible:

> THE COURT: Folks, under the Jackson Denno finding, this was a custodial statement by Mr. Joseph. I believe he was in custody of a police officer. The only problem we have here, it was not custodial interrogation. If you want to sit in the back of a police car and blab, you're free [to] do that.
>
> Mr. Joseph asked, "Why am I under arrest?"
>
> Officer waves a little bag of cocaine at him.
>
> And he allegedly says, "Yeah, that's mine. I bought it about 30 minutes ago." Had he asked him some questions, it wouldn't come in. But when he just asked—showed it to him and he decides to give him two cents' worth, I cannot suppress the oral statement. It was not as a direct result of custodial interrogation. I agree with [trial counsel]. He was not Mirandized prior to making the custodial non-interrogative statement.
>
> [TRIAL COUNSEL]: Again, your Honor, it wasn't preserved in any way properly—
>
> THE COURT: I agree.

> [TRIAL COUNSEL]: —under the Code.
>
> THE COURT: If it is custodial, it has to be preserved. But here it wasn't custodial interrogation. It was just Mr. Joseph allegedly chatting up in the back of the police car.

Like in *Penton*, appellant's motion to suppress does not specify why the search was unlawful, other than a general assertion that the search was not based on probable cause. Nor does the motion to suppress specify why appellant's statement was not made freely or voluntarily and was instead a result of compulsion.[3]

Even if appellant's written motion, viewed in isolation, could be construed as presenting a complaint based on an illegal search under the Fourth Amendment, the context of the entire record reasonably shows that the court was fairly apprised at the suppression hearing only of appellant's *Miranda* and Article 38.22 recording complaints. *See Douds v. State*, 472 S.W.3d 670, 674–75 (Tex. Crim. App. 2015) (holding that constitutional error was not preserved even if it was presented in the motion to suppress because the context of the record showed only a statutory complaint at the suppression hearing). Trial counsel's questioning during the *Jackson v. Denno* hearing concerned only matters relevant to custodial interrogations—*Miranda* warnings and the Article 38.22 recording requirement. Similarly, counsel's arguments during the hearing, the State's arguments, and the trial court's findings

---

**2.** *See* Tex. Code Crim. Proc. art. 38.22, § 6 (requiring findings and conclusions); *Murphy v. State*, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003) (Article 38.22 satisfied by oral findings transcribed by the court reporter and made part of the appellate record).

**3.** *See Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008) ("A defendant may

claim that his statement was not freely and voluntarily made and thus may not be used as evidence against him under several different theories: (1) Article 38.22, § 6—general voluntariness; (2) *Miranda v. Arizona* as expanded in Article 38.22, §§ 2 and 3 (the Texas confession statute); or (3) the Due Process Clause." (footnotes omitted)).

and conclusions concerned only matters relevant to custodial interrogations.

Under these circumstances, appellant did not preserve for appellate review any complaints that his statement should have been suppressed based on an illegal search or compulsion. *See Douds*, 472 S.W.3d at 674–75; *Penton*, 489 S.W.3d at 581.[4]

## B.   No Interrogation

■ Appellant contends on appeal, as he did at trial, that his statement should be suppressed because he was in custody and not given *Miranda* warnings. The trial court concluded that no *Miranda* warnings were necessary because appellant was not being interrogated when he admitted to possessing the cocaine.

■ "The warnings required by *Miranda* and article 38.22 are intended to safeguard a person's privilege against self-incrimination during custodial interrogation." *Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009). "[T]he *Miranda* safeguards do not exist to protect suspects from the compulsion inherent in custody alone, nor do they protect suspects from their own propensity to speak, absent some police conduct which knowingly tries to take advantage of the propensity." *Jones v. State*, 795 S.W.2d 171, 176 n.5 (Tex. Crim. App. 1990). A defendant bears the burden of proving his or her statement was the product of custodial interrogation. *Gardner*, 306 S.W.3d at 294.

■ An "interrogation" for purposes of *Miranda* means "(1) express questioning and (2) 'any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably

likely to elicit an incriminating response from the suspect.' " *Alford v. State*, 358 S.W.3d 647, 653 (Tex. Crim. App. 2012) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). When, as here, we must determine whether a set of facts amounts to interrogation, we review the issue de novo because it is one of law, requiring the application of legal principles to a specific set of facts. *See id.*

Here, the trial court concluded that appellant was not being interrogated when a police officer showed appellant a baggie of cocaine in response to appellant's question, "Why am I under arrest?" Reviewing the issue de novo, we agree with the trial court's ruling that there was no interrogation because the officer's conduct of showing appellant the cocaine was not reasonably likely to elicit an incriminating response. *See Wiley v. State*, 699 S.W.2d 637, 638–39 (Tex. App.–San Antonio 1985, pet. ref'd, untimely filed) (no interrogation when the defendant made a statement after officers searched the defendant's room and showed him bloody clothes and a knife); *Smith v. State*, 414 Md. 357, 995 A.2d 685, 689, 694 (Md. 2010) (no interrogation when the defendant made a statement after an officer showed him a bag of cocaine); *see also Welch v. State*, No. 14–12–00430–CR, 2013 WL 1789803, at *2–3 (Tex. App.–Houston [14th Dist.] Apr. 25, 2013, no pet.) (mem. op., not designated for publication) (no interrogation when the defendant made a statement in response to an officer showing him a bullet hole in a car); *West v. State*, No. 13–98–654–CR, 2000 WL 34251900, at *1, *10 (Tex. App.–Corpus Christi Aug. 17, 2000, pet. ref'd) (mem. op., not designated for

---

4.   Although trial counsel's defensive strategy was for the jury to disregard the illegally obtained evidence under Article 38.23(a) because an inventory search of appellant's car was not made in good faith, appellant did not ask the court to exclude the oral statement on this basis.

publication) (no interrogation when the defendant made a statement after an officer showed the defendant the victim's car). *See generally* 2 Wayne R. LaFave et al., *Criminal Procedure* § 6.7(c) (4th ed., Westlaw updated Dec. 2016) (noting that a defendant's statement made "after witnessing police discovery of physical evidence [has] been viewed as not within *Miranda*'s constraints").

Because appellant's statement did not stem from interrogation, the lack of *Miranda* warnings complying with Article 38.22 does not require the suppression of appellant's statement. The trial court did not err by denying the motion to suppress on this basis.

## II. Conclusion

We overrule appellant's sole issue. The trial court's judgment is affirmed.