**Affirmed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00974-CR

### JOSE LUIS GUTIERREZ-DELACRUZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1366726**

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of aggravated sexual assault of a child and assessed punishment at thirty-two years' confinement and a $10,000 fine. Appellant challenges his conviction based on the trial court's exclusion of evidence of the complainant's older brother making a "humping motion" to the complainant's backside on an earlier date. We affirm.

## I.     Background

The complainant was four years old at the time of the offense and nine years old by the time she testified at trial. She testified that she and her brother, who was seven years old at the time of the offense, slept on a sofa at an overnight babysitter's house. Appellant lived with the babysitter.

On the final night that the complainant and her brother stayed at the house, appellant went to the sofa during the night, pulled the complainant's clothes down to her knees, and put two of his fingers inside the complainant's sexual organ. When the complainant started crying and tried to wake up her brother, appellant stopped and went back to his bedroom. The complainant outcried to her mother the following day. Appellant testified and denied the allegations.

During trial, appellant's counsel made an offer of proof for the excluded evidence and argued for its admissibility as relevant to show an alternative perpetrator:

> [The complainant's mother] has seen [the complainant's brother] go up to his sister, [the complainant], and get behind her and do a humping motion like he's having, you—you know, touching his front part, his penile area to [the complainant's] backside.
>
> . . .
>
> And I feel that it's relevant in the sense that it would show a jury, the trier of fact, that because of the prior situation between [the brother] and [the complainant] it might have been somebody else that did the touching, if the touching ever occurred at all.

The State objected to the evidence under Rule 412 of the Texas Rules of Evidence. *See* Tex. R. Evid. 412 (stating that a specific instance of a victim's past sexual behavior is inadmissible in a prosecution for aggravated sexual assault, but listing exceptions). The trial court excluded the evidence, noting that any relevancy of the evidence was "very tenuous," and that "the prejudicial effect would substantially outweigh any probative value."

Appellant challenges this ruling on appeal.

## II.     No Error to Exclude Under Rule 403

Appellant contends in his four issues on appeal that the "humping" evidence was admissible under various theories. In particular, appellant contends in his second issue that the trial court erred by excluding the evidence under Rule 403 of the Texas Rules of Evidence because the evidence shows that the complainant's brother was a "sexual predator" who "sexually abused" the complainant.

We will affirm a trial court's ruling on evidence if it is correct under any theory of law applicable to the ruling, regardless of the reasoning provided by the trial court. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009). We review a trial court's ruling under Rule 403 for an abuse of discretion. *Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013). The trial court's ruling must be upheld if it is within the zone of reasonable disagreement. *Id.*

Rule 403 states that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. When a sexual assault case involves a "he said, she said" trial based on diametrically different versions of events, Rule 403 "should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant." *Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009).

However, "courts must be sensitive to the special problems presented by 'alternative perpetrator' evidence." *Wiley v. State*, 74 S.W.3d 399, 406 (Tex. Crim. App. 2002). "Although a defendant obviously has a right to attempt to establish his innocence by showing that someone else committed the crime, he still must show that

his proffered evidence regarding the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the alleged 'alternative perpetrator.'" *Id.* Evidence of an alternative perpetrator is inadmissible if "it is mere speculation that another person may have committed the offense." *Roderick v. State*, 494 S.W.3d 868, 875 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Dickson v. State*, 246 S.W.3d 733, 739 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd)); *see also Wiley*, 74 S.W.3d at 407 ("It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime." (quoting *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998))).

For example, in an arson prosecution, the Court of Criminal Appeals upheld the exclusion of evidence of an alternative perpetrator under Rule 403 when there was evidence that the alternative perpetrator had been thrown out of the business several days earlier, striking matches, and acting crazy, and that the alternative perpetrator had been seen standing across the street from the building and watching it burn. *See Wiley*, 74 S.W.3d at 403, 406. The court assumed the alternative-perpetrator evidence had some "marginal relevance," but the court reasoned that the evidence had slight probative value because of its "highly speculative nature." *Id.* at 407. The evidence presented a great threat of confusing the issues because it would have forced the State to disprove a "nebulous allegation," resulting in a "side trial" that "might have led the jury astray." *Id.* The evidence presented a threat of unfair prejudice because "it would invite the jury to blame an absent, unrepresented, incompetent person for an arson when there was not a scintilla of evidence that he was actually involved." *Id.* Notably, the accused in *Wiley* did not "ever make any connection between the mere presence of [the alternative perpetrator] near the fire and any act he might have committed to set the fire or assist another in setting the fire." *Id.*

4

Similarly, in a prosecution for aggravated sexual assault of a five-year-old child, this court upheld the exclusion of evidence that a man who had lived with the complainant's mother and had access to the complainant also had been convicted of sexually assaulting a child. *See Roderick*, 494 S.W.3d at 874, 877. The child never alleged that she had been assaulted by the alternative perpetrator, and there was no evidence in the record connecting the alternative perpetrator with a sexual assault against the child. *Id.* at 877.

Here, the complainant has never alleged that she was assaulted by her brother, nor is there any evidence in the record connecting the brother with a sexual assault against the complainant. *See* Tex. Penal Code § 22.011(a)(2). Even if the "humping" incident had some marginal relevance, it had slight probative value because of its highly speculative nature for establishing the brother's commission of a sexual assault. *See Wiley*, 74 S.W.3d at 407. Appellant's nebulous allegation—that the complainant's brother is a sexual predator who sexually abused the complainant—had a substantial likelihood to cause unfair prejudice, confuse the issues, and mislead the jury. *See id.* Appellant notes that the brother was present with the complainant during the assault on the sofa, but appellant has not made any connection between the mere presence of the brother on the sofa and any act of sexual assault against the complainant. *See id.*

The trial court's ruling to exclude the evidence under Rule 403 was within the zone of reasonable disagreement, so the court did not abuse its discretion. Appellant's second issue is overruled.

## III. Other Rationales Unpreserved or Inapplicable Considering the Trial Court's Rule 403 Ruling

Appellant contends that the evidence should have been admitted for various other reasons. However, we hold that each of these rationales was either not preserved or meritless in light of the trial court's Rule 403 ruling.

Within appellant's second issue, he contends that the evidence would have "established that the complainant had prematurely gained knowledge of both sex and sexual abuse from an alternative source." This rationale for the admission of evidence was not presented to the trial court, so no error is preserved. *See Penton v. State*, 489 S.W.3d 578, 580 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (reasoning that to preserve error the complaining party "must have conveyed to the trial court the particular complaint raised on appeal, including the precise and proper application of law as well as underlying rationale"). And, the complaint lacks merit because the prior act of the brother making a "humping motion" against the complainant's backside did not closely resemble the appellant's conduct of removing the complainant's clothes and placing two fingers inside her sexual organ. *See Roderick*, 494 S.W.3d at 878 (reasoning that to show relevancy of a child victim's sexual conduct "as an alternative source of sexual knowledge," the defendant must show that the prior acts "so closely resembled those of the present case that they could explain the victim's knowledge about the sexual matters in question"; holding that evidence of the child's observation of her brother and the defendant engaging in oral sex was inadmissible because it would not explain the child's testimony describing the experience of performing oral sex on the defendant).

In his first issue, appellant contends that the evidence was admissible under Rule 412, the "rape shield" rule, because (1) the rule, which excludes evidence of specific instances of sexual conduct, is inapplicable to involuntary sexual conduct and (2) the exception for showing the victim's motive or bias applies. *See* Tex. R. Evid. 412(a)–(b). Appellant did not make either of these arguments to the trial court, so no error is preserved. *See Penton*, 489 S.W.3d at 580. And, the complaint lacks merit because any marginal probative value of the "humping" evidence would not have outweighed the danger of unfair prejudice. *See Wiley*, 74 S.W.3d at 407. Rule 412(b)(3) requires that

for the evidence to be admissible, the probative value must outweigh the danger of unfair prejudice. *See* Tex. R. Evid. 412(b)(3). This standard for admissibility is more onerous than Rule 403's balancing test. *Compare* Tex. R. Evid. 403 (admissible unless prejudicial effect substantially outweighs probative value), *with* Tex. R. Evid. 412(b)(3) (admissible if probative value outweighs prejudicial effect). *See generally Ukwuachu v. State*, No. PD-0366-17, 2018 WL 2711167, at \*8 (Tex. Crim. App. June 6, 2018) (not designated for publication) (Yeary, J., concurring) (noting that "unlike Rule 403 of the Rules of Evidence, which embodies a presumption of admissibility of relevant evidence even if it has some potential to be unfairly prejudicial, Rule 412(b)(3) tips the scale *against* admissibility of such questionable evidence" (footnote omitted)). Because the trial court did not abuse its discretion by concluding that the danger of unfair prejudice substantially outweighed probative value under Rule 403, the court could not have abused its discretion by concluding that the probative value did not outweigh the danger of unfair prejudice under Rule 412.

In his third issue, appellant contends that the trial court erred by not admitting the evidence under "the doctrine of optional completeness codified in Texas Rule of Evidence 107." Appellant did not make this argument to the trial court, and therefore, it is not preserved. *See Penton*, 489 S.W.3d at 580. Furthermore, the trial court did not err under Rule 107 because the court properly exercised its discretion to exclude the evidence under Rule 403. *See Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007) (noting that admissibility under Rule 107 is "limited by Rule 403").

In his fourth issue, appellant contends that the trial court violated appellant's right to due process under the United States Constitution by excluding evidence of an alternative perpetrator. We assume without deciding that error was preserved. An evidentiary ruling that excludes evidence may rise to the level of a constitutional violation if either: (1) a state evidentiary rule categorically or arbitrarily prohibits the

defendant from offering otherwise relevant, reliable evidence that is vital to the defense; or (2) a trial court makes a clearly erroneous ruling excluding otherwise relevant, reliable evidence that forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense. *Wiley*, 74 S.W.3d at 405. Appellant does not contend that an evidentiary rule categorically or arbitrarily prohibited him from offering evidence, so his alternative-perpetrator theory is based on the second rationale—a clearly erroneous ruling that excludes admissible evidence and which effectively prevents him from presenting his defense. *See id.* at 405–06. However, as explained above, the trial court's ruling under Rule 403 was not clearly erroneous. Thus, appellant's constitutional right to present a defense was not violated. *See id.* at 408.

Appellants first, third, and fourth issues are overruled.

## IV.    Conclusion

Having overruled each of appellant's issues, we affirm the trial court's judgment.


/s/     Ken Wise
Justice


Panel consists of Justices Boyce, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).