

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00325-CR

JARVIS DOMONIQUE HOWARD,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2017-2056-C1**

## MEMORANDUM OPINION

Appellant Jarvis Domonique Howard was convicted by a jury of the offense of

unlawful possession of a firearm by a felon and sentenced to ten years' incarceration. In

two issues, Howard challenges his conviction. We will affirm.

### Discussion

A. Judicial Qualifications. In his first issue, Howard asserts that the trial court

lacked the qualifications to preside over his criminal trial. Howard did not raise this issue

in the trial court. We have previously held that the issue of a trial judge's qualifications

must be raised in the trial court in order the preserve the issue for appeal. *See Dekle v. State*, No. 10-19-00088-CR, 2020 WL 495453, at *1 (Tex. App.—Waco Jan. 29, 2020, pet. ref'd) (mem. op.) (not designated for publication). Howard's first issue is overruled.

B. Suppression of Statements. In his second issue, Howard asserts that the trial court erred by admitting Howard's un-*Mirandized* statements into evidence as *res gestae* statements.

> We review a trial judge's ruling on a motion to suppress under a bifurcated standard of review. First, we afford almost total deference to a trial judge's determination of historical facts. The judge is the sole trier of fact and judge of witnesses' credibility and the weight to be given their testimony. When findings of fact are not entered, we view the evidence in the light most favorable to the judge's ruling and assume the judge made implicit findings of fact that support the ruling as [long as] the record supports those findings. Second, we review a judge's application of the law to the facts *de novo*. We will sustain the judge's ruling if the record reasonably supports that ruling and is correct on any theory of law applicable to the case.

*Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016) (footnoted citations omitted); *see also Wells v. State*, 611 S.W.3d 396, 405-06 (Tex. 2020).

At the suppression hearing, the State introduced the in-car video of the events leading up to, during, and after Howard's arrest. There is no dispute that at no time on the video is Howard given the warnings required by *Miranda* or article 38.22 of the Criminal Code. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22. After reviewing the video, the trial court denied Howard's motion to suppress his inculpatory statements, finding that any statements made prior to the time of Howard's arrest, at approximately 39:08 on the video, were admissible and that "all statements made after thirty-nine, point, zero, eight (39.08) are

*res gestae*, were not made in response to interrogation and are admissible."  Howard does

not challenge the admissibility of any statements made prior to his arrest.

> "The warnings required by *Miranda* and article 38.22 are intended to safeguard a person's privilege against self-incrimination during custodial interrogation."  *Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009).  "[T]he *Miranda* safeguards do not exist to protect suspects from the compulsion inherent in custody alone, nor do they protect suspects from their own propensity to speak, absent some police conduct which knowingly tries to take advantage of the propensity."  *Jones v. State*, 795 S.W.2d 171, 176 n.5 (Tex. Crim. App. 1990).  A defendant bears the burden of proving his or her statement was the product of custodial interrogation.  *Gardner*, 306 S.W.3d at 294.
>
> An "interrogation" for purposes of *Miranda* means "(1) express questioning and (2) 'any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'"  *Alford v. State*, 358 S.W.3d 647, 653 (Tex. Crim. App. 2012) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)).  When, as here, we must determine whether a set of facts amounts to interrogation, we review the issue *de novo* because it is one of law, requiring the application of legal principles to a specific set of facts.  *See id.*

*Joseph v. State*, 514 S.W.3d 838, 843 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

Under article 38.22, oral statements may be admissible if they constitute statements

that are "the *res gestae* of the arrest or of the offense."  TEX. CODE CRIM. PROC. ANN. art.

38.22 § 5.  A statement is *res gestae* if it is "made in response to a startling event,

spontaneously or impulsively, without time for reflection or contrivance, and such a

statement can be made in response to an inquiry."  *State v. Ortiz*, 346 S.W.3d 127, 137 (Tex.

App.—Amarillo 2011), *aff'd* 382 S.W.3d 367 (Tex. Crim. App. 2012) (quoting *Williamson v.*

*State*, 771 S.W.2d 601, 606 (Tex. App.—Dallas 1989, pet. ref'd)).  Neither art. 38.22 nor

*Miranda* bar volunteered statements.  *Gaitan v. State*, 533 S.W.3d 19, 29 (Tex. App.—

Corpus Christi 2016, pet. ref'd); *see also Daniels v. State*, No. 10-18-00075-CR, 2019 WL 4721276, at *2 (Tex. App.—Waco Sept. 25, 2019, no pet.) (mem. op.) (not designated for publication). Statements by law enforcement that are normally attendant to arrest and custody, and "[o]ff-hand remarks that are not particularly evocative under the circumstances do not constitute interrogation. . . ." *Gaitan*, 533 S.W.3d at 29 (citing *Rhode Island v. Innis*, 446 U.S. 291, 303, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)).

A review of the video reflects that Howard spontaneously volunteered incriminating statements that were not coerced and were not in response to interrogation by law enforcement. It is unclear exactly what statements Howard believes should have been suppressed other than all statements made after he was placed under arrest.

Howard was pulled over by McLennan County Sheriff's Office Corporal James Wolfe for failing to stop at a stop sign. Once Wolfe turned on the lights and siren in his patrol vehicle, Howard continued for three or four blocks before coming to a stop in front of a relative's house. Howard parked facing the wrong way on the street and hurriedly left the vehicle, ignoring Wolfe's command to stay in the car. Howard left the vehicle running, with music loudly playing. The vehicle was not registered to Howard. At least four people approached close to the scene of the traffic stop and began questioning the officer's actions. Because of the gathering people and Howard's questionable actions, Wolfe placed Howard in handcuffs and called for assistance. One of the bystanders yelled for Wolfe to turn it off, referring to either the vehicle or the music. By this time, other officers had arrived. Wolfe entered the vehicle at the driver's door and turned off the music and the vehicle. Wolfe told Deputy Houghton that he believed he smelled

marijuana in the vehicle and asked Houghton to check. Houghton opened the front passenger door but did not smell marijuana. Houghton shone his flashlight into the car and saw a firearm in plain view between the driver's seat and the center console. Wolfe told the bystanders that there was a different situation because there was a loaded gun in the car and that they needed to return to their house. Howard told the officers it was his girlfriend's gun, and she frequently leaves it in the car. Howard volunteered to Wolfe at some point that he was a convicted felon.[1] Howard was then placed under arrest. None of the statements Howard made prior to his arrest are at issue.

At approximately the 39:15 mark on the video, Wolfe asks Howard, "you say you're a felon?" Howard responds, "Yes, sir." Wolfe then tells Howard that Howard is also in possession of a stolen firearm. More bystanders arrive on the scene, and Wolfe tells them to return to their residence or he will have to tow the vehicle. Howard asks Wolfe not to tow the vehicle and yells for the mother of his child to tell the officers the gun belongs to her. Wolfe tells Howard that Howard is still in possession of the firearm even if his girlfriend admits owning it.

At approximately the 40:55 mark on the video, Wolfe directs Howard to the back of his patrol car and begins to explain why he stopped Howard. Howard responds, "I've been shot in the face like that." Wolfe says, "Do you want to know the whole problem that I have with this situation?" Wolfe explains why Howard's actions were suspicious,

---

[1] Howard's statements are not always clear from the video, but Wolfe testified at the suppression hearing that Howard told him he was a convicted felon prior to the gun being discovered in his vehicle. Although the court had already ruled on the issue regarding suppression of Howard's statements, the testimony continued regarding Howard's argument that the gun was discovered as the result of an improper search. Howard does not challenge the trial court's ruling on the search of the vehicle.

noting that Howard drove for three blocks before he stopped in front of a house, Howard jumped out of the vehicle despite Wolfe telling him to stay in the car, and then several people came out of the house. Wolfe continued, "You understand where I'm coming from," noting that Howard is a convicted felon and was driving the vehicle with a firearm basically touching his leg. Howard responds, "I'm just trying to protect myself" and "it's hers." Wolfe places Howard in his patrol car as the bystanders were getting louder and moving closer to the scene of the traffic stop.

At approximately the 50:45 mark on the video, while on the way to the jail, Wolfe notifies Howard that he is only being charged with felon in possession of a firearm, not with any outstanding traffic tickets or failure to stop. Howard repeats a number of statements regarding the firearm he has already made, such as his girlfriend always leaves the gun in the car, he did not think to remove it, and he had been shot and needed the gun for protection.

None of the statements made by Howard were the result of interrogation on the part of Wolfe or any of the other officers on the scene. While Wolfe asks Howard after his arrest, "You say you're a felon?" this was clarification of Howard's volunteered statement prior to his arrest that he was a convicted felon. Wolfe's statements to Howard constituted an explanation of the actions taken by Howard that led to his arrest, an explanation of the actions Wolfe took before, during, and after the traffic stop, and what charges Wolfe was going to bring against Howard. These statements are the type that are "normally attendant to arrest and custody" and do not constitute interrogation. *See Gaitan*, 533 S.W.3d at 29.

The trial court did not err in admitting Howard's post-arrest statements as *res gestae*. We overrule Howard's second issue.

## *Conclusion*

Having overruled both of Howard's issues, we affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Affirmed
Opinion delivered and filed May 5, 2021
Do not publish
[CR25]

