**Affirmed and Memorandum Opinion filed April 25, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00588-CR

---

**JUSTIN ROBERT  FLETCHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CR-0745**

---

## MEMORANDUM  OPINION

A jury found appellant guilty of unlawful possession of a firearm by a felon and assessed punishment at eight years' confinement.  In two issues, appellant complains about the replacement of a juror with an alternate juror and the admission of evidence.  We affirm.

# I.  ALTERNATE JUROR

In his first issue, appellant contends that the trial court erred by appointing an alternate juror to the duties of a juror who failed to appear.  He contends further that the trial court erred by "pressuring" appellant to waive his right to a continuance to have the original juror hear and decide the case.  He cites no cases in support of his arguments.

## A.    Background

On the day of trial, appellant was out of jail on bond.  The court announced that appellant was late for the trial.  The court recessed until appellant arrived over an hour later.  The court announced that one of the twelve original jurors had also communicated to the court that she would be out of town on the trial date for a scheduled vacation.[1]  When the court indicated its intent to replace the missing juror with the alternate, appellant's counsel initially objected that the juror was not unable to serve or disqualified, citing Article 33.011 of the Texas Code of Criminal Procedure.  *See* Tex. Code. Crim. Proc. art. 33.011.  When the court asked counsel if he was requesting a continuance, counsel asked to "adjourn the proceedings until we can get the proper 12 jurors in."  After an off-the-record discussion, counsel said that appellant wanted to "withdraw that request and to go forward with the 12 that are here."  But he premised this withdrawal: "Based upon the Court's statement that he would go into custody at the end of today if the case is continued."

A colloquy ensued.  The court explained, "So don't put this back—based on my taking him into custody that that's somehow forcing him to waive his jury—or

---

[1] The jury was empaneled in July, but the case was reset to September.  Five days before the trial was to start, the Galveston County Jury Administration office emailed jurors advising them of the trial date.

waive the alternate." The court explained that it heard appellant decide to withdraw the request for a continuance "long before I said anything about revoking his bond, just so the record is completely clear." The court said it would grant the continuance and issue a writ of attachment for the missing juror if appellant wanted it. The court continued, "But I'm not going to let this proceeding go forward if your client feels pressured that somehow—that this Court is applying undue pressure to get you to waive it. So if this is a voluntary request on behalf of your client, I will entertain that. But it has to be voluntary. Otherwise, he is going to have his bond revoked."

After counsel spoke with appellant off the record, counsel reiterated a desire to go forward with the alternate juror:

Counsel: He has informed me that his voluntary request is to go forward today.

The Court: Okay. So you are withdrawing your objection—that's my understanding—to use the alternate to complete the panel; correct?

Counsel: Yes.

The case proceeded to trial with the alternate juror.

## B.    Analysis

Assuming without deciding that the right to proceed to trial with an original juror rather than an alternate is a waivable-only right under the *Marin*[2] framework,[3] the record reflects that appellant voluntarily waived this right.

---

[2] *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

[3] *Cf. Trinidad v. State*, 312 S.W.3d 23, 27–28 (Tex. Crim. App. 2010) (assuming without deciding that right to twelve-member jury is waivable-only under *Marin* framework). *But see Payton v. State*, No. 14-20-00175-CR, 2021 WL 4472522, at *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.) (mem. op.) (holding that error was not preserved when the

Waiver is the intentional relinquishment or abandonment of a known right or privilege. *Garcia v. State*, 429 S.W.3d 604, 607 (Tex. Crim. App. 2014). Generally, a waiver of rights must be "voluntary." *See Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2010) (noting that a waiver of *Miranda*[4] rights must be done knowingly, intelligently, and voluntarily); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (noting that a guilty plea constitutes a waiver of the right to a jury trial, so it must be entered knowingly, intelligently, and voluntarily). Regarding the waiver of *Miranda* rights, courts have held that "voluntary" means, in part, the waiver was "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Joseph*, 309 S.W.3d at 25 (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). In the context of a guilty plea, which involves the waiver of a jury trial, the waiver must be "the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises." *Kniatt*, 206 S.W.3d at 664. We assume without deciding that these principles apply to appellant's waiver of his right to continue the trial with the original juror rather than the alternate.

The record reflects that the trial court intended to revoke appellant's bond because he did not show up for trial, not because appellant initially objected to replacing the missing juror with the alternate juror. Appellant does not contend that the court would have erred by revoking the bond due to appellant's failure to appear on time for trial. *See generally* Tex. Code Crim. Proc. Art. 17.09, § 3. The mere fact that appellant learned his bond would be revoked does not demonstrate that appellant's acquiescence to the alternate juror was involuntary. *Cf. Kniatt*, 206 S.W.3d at 662–65 (holding that trial court could have reasonably concluded that

---

appellant waited until after deliberations to complain about the second alternate rather than the first alternate having assumed the duties of a juror under Article 33.011).

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the appellant entered a guilty plea voluntarily, despite the fact that the trial court "admitted in its findings of fact that it had 'sanctioned' [the defendant], by revoking his bond, for his decisions to renege on the plea bargain and replace his counsel"; noting that although the defendant testified he subjectively felt pressured to change his plea to guilty because he did not want to "sit in jail without a bond for who knows how long," there was no evidence that at the time he pled guilty he was "so gripped by fear of incarceration that, even with the assistance of counsel, he could not rationally weigh the advantages of pleading guilty against the disadvantages of going to trial"); *Lee v. State*, 39 S.W.3d 373, 376 (Tex. App.— Houston [1st Dist.] 2001, no pet.) (holding that the defendant's plea of no contest was voluntary because there was no evidence that the defendant was pressured into the plea because her bail was revoked for an invalid reason).

After the initial objection, appellant repeatedly informed the court of a desire to proceed with the alternate juror. When asked by the trial court to confirm that this decision was voluntary and not the result of "pressure" from the court, appellant again made a "voluntary request . . . to go forward today" with the alternate juror.

The record shows that appellant waived his right to proceed with the original juror and that this waiver was not induced by any undue pressure, threat, intimidation, or coercion. Accordingly, the waiver was voluntary. Appellant's first issue is overruled.

## II.    ADMISSION OF EVIDENCE

In his second issue, appellant contends the trial court erred by allowing a witness to testify that a shotgun found in appellant's truck had a "silencer" on it. He contends that the evidence was irrelevant, it was improper character evidence, and the probative value of the evidence was substantially outweighed by the

danger of unfair prejudice, confusing the issues, or misleading the jury. He cites only Rules 401 to 404 of the Texas Rules of Evidence. He cites no cases.

At trial, appellant did not argue that the evidence was irrelevant, improper character evidence, or prejudicial. He argued only that the witness did not have scientific knowledge about silencers.[5]

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1; *see also* Tex. R. Evid. 103(a)(1). A complaint on appeal must comport with the specific complaint that the defendant timely lodged in the

---

[5] Appellant made the following objections:

| Counsel: | Your Honor, I'm going to object. There's not—there's insufficient foundation that he has scientific knowledge to determine what is and what is not a silencer. |
|---|---|
| The Court: | Objection for scientific knowledge is overruled. |

. . . .

| Counsel: | The same objection, Judge. They haven't established that he has any scientific knowledge about silencers. Actually, the correct term is a suppresser, not a silencer. So I object to laying an improper foundation. |
|---|---|
| The Court: | Overruled. |

Appellant asked to take the witness on voir dire, which the trial court allowed. Appellant questioned the witness about his scientific knowledge relating to how silencers operate. Appellant again objected to the witness's testimony based on lack of scientific knowledge:

| Counsel: | I guess before the jury comes in, I would object to him testifying that it is a—what they call a silencer. It's really a suppresser. It's a muzzle device at best, but without him being able to explain the scientific changes in the sound waves out and without doing an inspection to confirm there is actually the baffling he was talking about, I would object to calling it a silencer or suppresser. |
|---|---|
| The Court: | Overruled. |

trial court. *Bleimeyer v. State*, 616 S.W.3d 234, 250 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). The appellant must have conveyed to the trial court the particular complaint raised on appeal, including the precise and proper application of law as well as the underlying rationale. *Bleimeyer*, 616 S.W.3d at 250; *Penton v. State*, 489 S.W.3d 578, 580 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

Because appellant's arguments on appeal do not comport with his objections during trial, he failed to preserve any error regarding the admissibility of the evidence under Rules 401 to 404 of the Texas Rules of Evidence. Appellant's second issue is overruled.

## III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/ Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b)