**Affirmed and Memorandum Opinion filed July 25, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00274-CR

---

### RONALD KENT MCCLELLAND, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1706247**

---

## MEMORANDUM OPINION

Robert Kent McClelland appeals his conviction of murder. His sole issue on appeal alleges that the trial court excluded three exhibits showing that the complainant had previously been convicted of assault. Appellant contends that evidence of these prior convictions was admissible to show that the complainant was the first aggressor and to correct the false impression that the complainant was peaceful. The State argues that appellant did not preserve this argument for appeal because the argument was not raised in the trial court. We therefore must address

whether appellant preserved error for our review. *Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016).

Preservation is a systemic requirement, meaning that a first-tier appellate court may not reverse a conviction without first addressing any issue of error preservation. *Id.* at 327–28. To preserve a complaint of error, the record must demonstrate appellant made a timely request with enough specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See* Tex. R. App. P. 33.1. Furthermore, the argument on appeal must comport with the specific complaint that appellant timely lodged in the trial court. *Penton v. State*, 489 S.W.3d 578, 580 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see also Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Appellant must have conveyed to the trial court the particular argument raised on appeal, including the precise and proper application of law as well as the underlying rationale. *Fish v. State*, 609 S.W.3d 170, 178 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

At trial, outside the presence of the jury, appellant discussed his belief that the State's witness opened the door to the complainant's criminal history by referencing the complainant as a peacemaker. The trial court determined that the evidence presented by the State's witness was a "fact statement" about the situation that did not open the door. Appellant did not attempt to offer the exhibits concerning the complainant's prior convictions at this time. The jury returned and the State called its final witness. At the conclusion of the witness' testimony, appellant offered three exhibits evidencing the complainant's prior convictions for assault. The following exchange occurred:

> [DEFENSE COUNSEL]: Thank you, Judge. I believe that [the complainant] has three prior criminal convictions that would be admissible, and at this point all three are for domestic assault, which is

2

a crime of moral turpitude.

THE COURT: Do you want to mark them and put them into evidence for the purposes of appeal?

[DEFENSE COUNSEL]: Well, first I was going to inquire if you were going to allow me to admit these in, certified copies from the clerk's record.

THE COURT: No, I'm not.

[DEFENSE COUNSEL]: Okay. Then I'm just offering them for the purposes of appeal.

THE COURT: Okay. So that motion is denied.

[DEFENSE COUNSEL]: These are going to be Defense 2, 3, and 4, certified judgments of criminal convictions of assault family member of the deceased. . . .

THE COURT: They're admitted for purposes of appeal, not to be given to the jury obviously.

Our review of the record indicates that appellant failed to attempt to explain to the trial court (as he attempts to explain on appeal) that the exhibits were admissible to show that the complainant was the first aggressor or to correct the false impression that the complainant was peaceful. When appellant offered the exhibits, he expressed that the prior convictions were crimes of moral turpitude. At no point did appellant argue that the evidence of the complainant's prior convictions was admissible to show that the complainant was the first aggressor or to correct the false impression of the complainant's trait of peacefulness. Appellant's complaint on appeal, therefore, does not comport with the specific complaint he lodged in the trial court. *Pena*, 285 S.W.3d at 464; *Penton*, 489 S.W.3d at 580. When the purpose of the proffered evidence is not apparent from the context of the questions asked, we cannot assume that appellant presented his complaint to the trial court with sufficient specificity. *See Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009); Tex. R. Evid. 103(a)(2). Without appellant preserving error for our review, we may not

reverse his sentence. *See Darcy*, 488 S.W.3d at 328. Accordingly, appellant's sole issue is overruled, and we affirm the trial court's judgment.


/s/    Frances Bourliot
       Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).